In the Matter of the Estate of JOSEPH R. DE LAMAR, Deceased.

Surrogate's Court, New York County, February, 1922.

**Transfer tax — bequest to charitable and educational corporations exceeding one-half of estate — Decedent Estate Law, § 17 — when corporation notes not subject to tax — Tax Law, §§ 221-b, 330 — how far bequest to corporate residuary legatees is exempt.**

A testator who died December 1, 1918, after deduction of funeral and administration expenses, debts and commissions, left a net estate of $29,000,000. After general bequests amounting to $550,000 to charitable institutions the residuary estate was given to Harvard College, Columbia University and Johns Hopkins University in equal shares. *Held,* that immediately upon the death of testator the legal title to the portion of his estate which, under section 17 of the Decedent Estate Law, he was not permitted to dispose of, vested in and was transferred to his daughter, as his only heir and next of kin, and was subject to a transfer tax.

Notes made by a corporation to the decedent on account of the purchase from him of certain shares of stock in another corporation did not form "part of a series of similar * * * notes" as defined by section 330 of the Tax Law, and were not subject to the tax provided for by section 221-b of said statute.

The corporations to which the residuary estate passed are exempt from a transfer tax only on that proportion of investment securities which under section 220 (3) of the Tax Law are deemed to be transferred to said corporations, and to that extent the appeal of the executors from the order fixing the transfer tax will be sustained but otherwise denied.

APPEAL from an order fixing a transfer tax.

*Lafayette B. Gleason (Schuyler C. Carlton,* of counsel), for New York State Tax Commission.

*Sullivan & Cromwell (Ralph Rayall, Miner W. Tuttle,* of counsel), for executors.

*John B. Pine, Emmet, Marvin & Roosevelt, Alger & Coughlan (John B. Pine, Langdon P. Marvin, George W. Alger, David B. Goodman,* of counsel), for residuary legatees.

COHALAN, S. Cross-appeals have been taken by the state tax commission and the executor from the order fixing the transfer tax herein. The appeal of the commission is based on the ground

that the appraiser erred in not reporting as taxable against the daughter of decedent the sum by which the bequests to literary and charitable corporations exceed one-half of the estate.

The executors appeal on the ground that errors were committed in fixing the tax provided by former section 221-b of the Tax Law.

The decedent died December 1, 1918. He left a net estate after deduction of funeral and administration expenses, debts and commissions of nearly $29,000,000. He gave general bequests amounting to $550,000 to charitable institutions and his residuary estate of over $16,000,000 to Harvard College, Columbia University and Johns Hopkins University in equal shares.

By the fourth article of his will the decedent gave the sum of $10,000,000 to his executors in trust to pay the income to his daughter, Alice Antoinette De Lamar during her life, and upon her death to pay the principal to her issue, and if she died without leaving issue her surviving, the principal to become a part of the residuary estate. More than one-half of his estate, after the payment of debts, is bequeathed to charitable and educational corporations. Decedent left no widow. His daughter, his sole heir and next of kin, executed an instrument, dated April 12, 1921, which is in part as follows:

" I, * * * hereby waive any and all rights which I may have by virtue of the provisions of Section 17 of the Decedent Estate Law of the State of New York in and to any part of the residuary estate of the said Joseph R. De Lamar, deceased, devised and bequeathed by his Last Will and Testament, dated August 31, 1915, and admitted to probate in the Surrogates' Court of New York County on the 2d day of January, 1919."

The residuary legatees executed two assignments to Miss De Lamar both dated the same day as the above recited instrument. One transferred to her a third of so much of the residuary estate as would remain after the payment to the assignors of $15,000,000, with interest from January 1, 1921, and after payment of general legacies, funeral expenses, debts and transfer taxes. By the other document the corporations assigned to the daughter of decedent all their interests as contingent remaindermen in the trust fund of $10,000,000. At the death of her father Miss De Lamar was twenty-three years of age.

The order appealed from, based on the report of the appraiser, fixes the tax in accordance with the distribution as provided for in the will.

The appeal of the state tax commission must be decided by determining whether or not, at decedent's death, there was a transfer to his daughter of the difference between one-half the

Misc. 127]     Surrogate's Court, New York County, February, 1922.

value of his estate, after the deduction of debts, and the amount bequeathed to the institutions named in the will.

Section 17 of the Decedent Estate Law, formerly chapter 360 of the Laws of 1860, provides: " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more."

The claim of the executors that the law is effective only when invoked by those whom it was intended to protect is not supported by the decisions.   The statute absolutely prohibits a testator who leaves a wife, child or parent from giving more than one-half of his estate to corporations described in the section.   *Amherst College* v. *Ritch*, 151 N. Y. 282, 333; *Chamberlain* v. *Chamberlain*, 43 id. 424; *Decker* v. *Vreeland*, 220 id. 325; *Barber* v. *Terry*, 224 id. 324; *Robb* v. *Washington & Jefferson College*, 185 id. 485.   If a testator who is survived by a wife, child or parent, has given more than one-half of his estate to charitable corporations, immediately upon his death the title to so much of his estate as exceeds the statutory restriction vests in his heirs or next of kin.   *Chamberlain* v. *Chamberlain, supra; Decker* v. *Vreeland, supra; Barber* v. *Terry, supra.*   There is no suspension of the legal title to property passing by intestacy.   " Upon the intestate's death his estate passes *eo instanti* to the persons who, by virtue of the intestate law, were entitled thereto."   *Matter of Ramsdill*, 190 N. Y. 492, 495.

The legal title to the portion of decedent's estate which he was not permitted to dispose of by statute vested in and was transferred on his death to his daughter as his heir at law and next of kin.   The will of decedent must be read " as if the statutory restriction was part of it and it had in terms provided that the legacies or devises given by it to charitable corporations should not exceed one-half of the estate."   *Robb* v. *Washington & Jefferson College, supra*, 491. The compromise effected by the instruments executed by Miss De Lamar and the colleges more than two years after decedent's death cannot change his will.   *Matter of Cook*, 187 N. Y. 253.

The principle laid down by the decisions, including those cited by the executors, is that the transfer tax follows the passing of the legal title at the time of death.   In the Fayerweather will case (*Amherst College* v. *Ritch, supra*) the court approved (p. 342) the imposition of the transfer tax on the legacy to the executors as individuals because they took the legal title notwithstanding the

fact that it was impressed with a secret trust in favor of certain charitable corporations, to the execution of which trust the court gave effect. The executors in *Matter of Wolfe*, 89 App. Div. 349; affd., 179 N. Y. 599, renounced their legacies, which thereupon passed into the residuary estate. The court held that no tax accrued, because there had been no transfer. At page 354 the opinion states: "It may well be that a different question would be presented by a transfer operating under the laws of inheritance or descent. In such case the transfer is effected by operation of law and calls for no act of volition on the part of the heir or next of kin." The entire residuary estate of decedent in *Matter of Murray*, 92 Misc. Rep. 100, was bequeathed to charitable institutions. The decedent left her surviving no husband, child or parent. The next of kin received a portion of the estate in consideration of withdrawing their objections to the probate of the will. The legal title in this case passed to the corporations. For the purpose of the transfer tax the situation was not affected by the compromise, the court holding that the estate was exempt. The question of the transfer tax was not involved in *Matter of Stilson*, 85 App. Div. 132, wherein it was held that one who would not be entitled to any part of the estate in case of the intestacy of the decedent may not successfully attack the validity of a waiver executed by the person who would take the entire estate if decedent had died intestate.

The decree of this court settling the account of the executors and determining "that the distribution of the estate is not affected by section 17 of the Decedent Estate Law" and directing distribution according to the will has no bearing on the question before me. For the purpose of the transfer tax the interests of the parties are to be determined as of the date of decedent's death. *Matter of Ramsdill, supra.* The fact that at the time of the distribution of the estate the property passing to the corporations has so depreciated in value that their interest will not exceed one-half the estate is immaterial. The value as of the date of death controls the imposition of the tax. *Matter of Penfold*, 216 N. Y. 163.

I am of the opinion that immediately upon the death of decedent survived by a daughter and leaving a will giving more than one-half his estate to charitable corporations the legal title to the portion which he was not permitted to dispose of by the statute vested in and was transferred to his daughter as his only heir and next of kin and that a transfer tax is due thereon. The appeal of the state tax commission is sustained.

The executors' appeal concerns the tax provided for by former section 221-b of the Tax Law.

MATTER OF ISABEL F. CARTLEDGE.          131

Misc. 131]     Surrogate's Court, New York County, February, 1922.

The appraiser has included as taxable under section 221-b five notes made by a corporation to decedent on account of the purchase from him of certain shares of stock in another corporation. These obligations do not form " part of a series of similar   *   *   * notes," as defined by section 330 of the Tax Law, and are not subject ·to the tax provided for by section 221-b. The appeal of the executors on this point is sustained.

The executors further contend that no tax whatever is due under section 221-b because the residuary estate passes to corporations exempted from tax by section 221-a. Their argument proceeds on the erroneous assumption that all the securities pass to exempt corporations. By section 220, paragraph 3, of the Tax Law property not specifically bequeathed or devised " shall, for the purposes of this article, be deemed to be transferred proportionately to, and divided *pro rata* among all the general legatees and devisees named in said decedent's will, including all transfers under a residuary clause of such will." The corporations, therefore, are exempt from tax on that proportion only of the investment securities which under this section are deemed to be transferred to them. *Matter of Kent*, N. Y. L. J., June 17, 1920; *Matter of Turner*, Id., June 17, 1920. This conclusion is in accordance with the views expressed by my learned associate in *Matter of Zimmerman*, 110 Misc. Rep. 295, applying to the facts in this case the provisions of section 220 of the Tax Law.

The appeal of the executors is sustained as to the taxation of the proportionate share of the securities passing to corporations exempt from the transfer tax, but otherwise denied. The report of the appraiser is returned to him for correction as indicated herein.

Ordered accordingly.