In the Matter of the Transfer Tax on the Estate of JOSEPH R. DE LAMAR, Deceased.

WILLIAM NELSON CROMWELL and Others, as Executors, etc., of JOSEPH R. DE LAMAR, Deceased, and the PRESIDENT AND FELLOWS OF HARVARD COLLEGE and Others, Residuary Legatees under the Will of Said JOSEPH R. DE LAMAR, Appellants; STATE TAX COMMISSION, Respondent.

First Department, December 15, 1922.

**Taxation — transfer tax — more than one-half of estate given to charitable and educational institutions — heir waived right under Decedent Estate Law, § 17 — amount in excess of one-half not subject to transfer tax — waiver was properly before surrogate — after paying taxes and debts residuary estate did not amount to one-half of estate.**

A transfer tax cannot be imposed upon the amount given to charitable and educational institutions in excess of one-half of the decedent's estate where the only heir waived any rights she had by virtue of section 17 of the Decedent Estate Law.

Furthermore the release or waiver given by the heir may be regarded as a renunciation, and any amount passing to the residuary legatees and the charitable and educational institutions by reason of the renunciation is not taxable against her.

The waiver, though not presented to the transfer tax appraiser, was properly before the surrogate and is to be considered.

The facts in the case reveal that the charitable and educational institutions which were residuary legatees did not actually receive more than one-half of the decedent's estate, since the testator provided that all taxes should be paid out of the residue, and it appears that after debts and taxes are deducted less than one-half of the estate will go to charitable and educational institutions.

APPEAL by William Nelson Cromwell and others, as executors, etc., and by the President and Fellows of Harvard College and others, residuary legatees, etc., from so much of an order of the Surrogate's Court of the county of New York, entered in the

office of said Surrogate's Court on the 3d day of March, 1922, modifying a prior order fixing and assessing the tax upon the property of said decedent, as determined that the appeal of the State Comptroller (now State Tax Commission) to said Surrogate's Court from such prior order be allowed and as determined that to the extent that the amount of the estate assessed as passing to exempt charities exceeds one-half of the estate, less debts, it be assessed as a transfer to decedent's daughter, and held subject to a tax.

*Ralph Royall* of counsel [*Alfred Jaretzki, John B. Pine, Langdon P. Marvin, George W. Alger, David F. Goodnow* with him on the brief; *Sullivan & Cromwell,* attorneys for executors; *John B. Pine,* attorney for Columbia College; *Emmet, Marvin & Roosevelt,* attorneys for President and Fellows of Harvard College; *Alger & Coughlan,* attorneys for The Johns Hopkins University], for the appellants.

*Schuyler C. Carlton* of counsel [*Lafayette B. Gleason,* attorney], for the respondent.

FINCH, J.:

Joseph R. De Lamar died on December 1, 1918, leaving a gross estate of $32,282,927.67.   He left as his sole heir and next of kin a daughter, Alice A. De Lamar.   Decedent left a will which was duly admitted to probate in New York county and which disposed of the estate in the following manner: Specific bequests to his said daughter of the aggregate value of $1,273,517.07; a trust of $10,000,000 (of a present value of $8,096,925) to pay the income to the daughter for life, with remainder to her surviving issue, or, if she died without issue, with remainder to the residuary legatees; general legacies to relatives, friends and employees amounting to $400,000; general legacies to charitable institutions amounting to $550,000; and the residuary estate in equal shares to Harvard College, Columbia College and The Johns Hopkins University, all three of which are exempt from tax.

The transfer tax appraiser filed a report fixing the tax upon the property as passing according to the provisions of the will, and from this part of the order an appeal was taken to the surrogate by the State Comptroller upon the ground that more than one-half of the estate was devised to charitable corporations, and that under section 17 of the Decedent Estate Law such portion of the estate so devised as exceeded one-half thereof, passed to the daughter and was taxable as against her.   This contention the learned surrogate has sustained (See 118 Misc. Rep. 127), notwithstanding there was no objection by the daughter to the devise of the residuary estate as aforesaid, and that there were submitted to the sur-

rogate a waiver by said daughter of all her rights under said section 17 and an assignment to her by the residuary legatees of their contingent remainder interest in the trust fund and one-third of the residuary estate remaining after the payment of $15,000,000 to the residuary legatees and the making of certain other payments.

In so holding the learned surrogate was in error. Section 17 of the Decedent Estate Law was enacted for the protection of persons only who would benefit thereunder. As was said by VANN, J., in *Amherst College* v. *Ritch* (151 N. Y. 282, 333): " The statute in question is not a mortmain act. * * * Its theory is not to keep property away from charitable corporations, but to prevent a testator from giving them more than one-half of his net estate at the expense of his wife, child or parent. * * * Indeed the State has no policy against institutions of charity or learning. Throughout its history it has shown a deep interest in promoting such objects and in encouraging its citizens to help them. Aid to education has always been a prominent feature in its legislation. Never has it repelled and uniformly has it invited the co-operation of individuals and corporations to that end. As was said by this court in a late case, ' It is not against public policy to allow gifts to charitable, benevolent, scientific or educational institutions. The law allows and encourages such gifts and those who make them are commended as the benefactors of their race. Such institutions, dotted all over our land to succor, elevate, educate men and ameliorate their condition, are distinguishing features of our modern civilization.' (*Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166, 172.) * * * It does not prohibit charitable gifts altogether, but only under certain circumstances, to a certain extent and by a certain method. If the gift is not made by will, or if made by will and the testator leaves no surviving relative of the degree named, or it is to charities other than those mentioned, there is no prohibition. It does not compel a testator to leave his property or any part thereof to relatives. It does not prevent him from giving all that he has to charity during his lifetime. It is aimed simply at the giving of an undue proportion to charity by will, when certain near relations have, in the opinion of the Legislature, a better claim. * * * We are led by this reasoning, based upon an analysis of the statute and a comparison of its provisions with those of mortmain statutes, to the conclusion, which is in substantial accord with the authorities so far as they have been called to our attention, that only the persons named in the act and those benefited through them, can invoke its protection. The State through its Attorney-General cannot by legal proceedings raise the question or pre-

vent the gift from taking effect in accordance with the wishes of the testator. The rights springing from the statute are personal, the same as the rights of a borrower under the Statute of Usury, and they can be waived or relinquished in the same way. (*Williams* v. *Tilt*, 36 N. Y. 319, 325; *Smith* v. *Marvin*, 27 N. Y. 137, 143.) While the one was passed to protect the family of the testator and the other to protect the estate of the borrower, and both prohibit certain acts, we see no reason why the benefit derived from the prohibition may not be abandoned in the one case the same as in the other. * * * The command that the gift shall not be ' valid ' is no more imperative than the declaration that the usurious security shall be ' void.' While it has been held that the prohibition of the statute of 1860* may be insisted upon by any person who would derive a benefit therefrom, although not one of those named therein, this simply extends the list of such as have rights to waive or retain at their election. * * * The widow and next of kin for whose benefit the statute, as applied to this case, was passed, could, prior to the execution of the releases by them, have asked the courts to enforce it, and award them their equitable rights against the residuary legatees as their trustees. No one else could set the courts in motion or the statute in operation."

The same result is reached when we consider that the release by Alice A. De Lamar may also be regarded as a renunciation, and any amount passing to the residuary legatees by reason of such renunciation is not taxable against her. (*Matter of Wolfe*, 89 App. Div. 349; affd., 179 N. Y. 599.)

The respondent objects to a consideration of the waiver referred to, upon the ground that it was not before the transfer tax appraiser, but was submitted for the first time to the surrogate when the appraiser's report came before him, and that there had been no opportunity to ascertain by cross-examination whether said waiver had been given in good faith. But said waiver and assignment were properly before the surrogate. (*Matter of Thompson*, 57 App. Div. 317.)

Moreover, on still another ground the same result is reached. The testator provided that all taxes should be paid out of the residue, and it appears that after debts and taxes are deducted, less than one-half of the estate goes to charitable institutions.

It follows that the order in so far as appealed from should be reversed, with ten dollars costs and disbursements, and the original

---

* See Laws of 1860, chap. 360; now Decedent Estate Law, § 17.— [REP.

41

order fixing the tax (except as modified by the surrogate in respect to the additional tax under section 221-b of the Tax Law, as added by Laws of 1917, chap. 700,* as to which no question is presented on this appeal) reinstated, with ten dollars costs.

CLARKE, P. J., MERRELL and GREENBAUM, JJ., concur.

SMITH, J. (concurring):

In *Matter of Wolfe* (89 App. Div. 349; affd., 179 N. Y. 599) it was held that " Where a legatee named in a will, subsequent to the death of the testator, and without any intent to evade the transfer tax, renounces his legacy, which thereupon passes to another person under the residuary clause of the will, the legacy is not subject to a transfer tax calculated at the rate at which it would have been taxable if it had actually been accepted by the original legatee, but at the rate at which it would have been taxable if the will had originally provided that it should pass to the residuary legatee."   In the opinion it was said, however, " It may well be that a different question would be presented by a transfer operating under the laws of inheritance or descent.   In such a case the transfer is effected by · operation of law and calls for no act of volition on the part of the heir or next of kin."   In the case of *Amherst College* v. *Ritch* (151 N. Y. 282) the question of the transfer tax was not involved; nevertheless, the court held that notwithstanding the strict provisions of the statute the right to question a bequest of more than one-half of a testator's property to charitable institutions in case he left a widow or children was solely with the widow or children for whose benefit the statute was passed and that they might release their right to any part of the excess of such bequests to charitable institutions if they so elected.   The right of election and the effect thereof as expressed in the opinion of Judge VANN in the *Amherst College* case would seem to bring this case within the rule laid down in the *Wolfe* case, and upon the release by Alice De Lamar of any claim to such excess the property would pass *under the will* to the charitable institutions named.

In the *Wolfe* case cited it is held that the tax is not upon the property, but upon the transfer thereof, and in the case at bar with the execution of the release by Alice De Lamar the property passed to the charitable institutions and was thus not taxable under the Tax Law of the State.   (See Tax Law, § 221, as amd.

---

* Since repealed by Laws of 1920, chap. 644, as to transfers constituting part of the estate of a decedent who died subsequent to July 31, 1919.   See, also, Laws of 1920. chap. 765, amdg. Tax Law, § 221.— [REP.

by Laws of 1918, chap. 111. See, also, Laws of 1920, chap. 765, amdg. said § 221.)

I, therefore, concur in the result reached by Mr. Justice FINCH.

Order reversed, with ten dollars costs and disbursements, and the original order fixing the tax to the extent indicated in opinion reinstated, with ten dollars costs. Settle order on notice.