In the Matter of the Estate of JOSEPH J. OSTER, Deceased.

Surrogate's Court, Herkimer County, February 15, 1924.

Wills — construction — specific bequests to charitable corporations — residuary bequest in trust — one-half of income of trust made payable to wife and other half to charitable corporations — bequest to charity in excess of one-half of estate invalid under Decedent Estate Law, § 17 — testator left no descendant, parent, brother or sister, nephew or niece — testator died intestate as to excess over one-half bequeathed to charity — said excess should be paid to widow under Decedent Estate Law, § 98, subd. 3, upon judicial settlement of executor's account.

The testator having made specific bequests to certain charitable corporations and a residuary bequest in trust under the terms of which one-half of the income was payable to his wife during life or until her remarriage and the other half of the income was payable to charitable corporations, the bequests to charity in excess of one-half of the testator's estate is invalid under section 17 of the Decedent Estate Law and as to such excess the testator died intestate.

Since the testator did not leave any descendant, parent, brother or sister, nephew or niece, said excess goes to his widow under subdivision 3 of section 98 of the Decedent Estate Law and should be paid to her upon the judicial settlement of the account of the executor.

PROCEEDINGS to construe a will.

*Willis, Brown & Guile*, for Clara Folts Oster, petitioner and widow.

*Dunmore, Ferris & Dewey*, for Citizens Trust Company, executor and trustee.

*William K. Harvey*, for Home for Homeless.

*C. Lansing Jones*, for Home for Aged Men and Couples.

BELL, S.  Joseph J. Oster, a resident of Herkimer, died January 5, 1923, leaving a will made April 14, 1922, which was probated on April 23, 1923. He left him surviving Clara Folts Oster, his widow, and no descendant, parent, brother or sister, nephew or niece.

His estate consists entirely of personal property and amounted,

Surrogate's Court, Herkimer County, February, 1924.     [Vol. 123

at the time of his death, to the sum of $32,539.78, less debts of $117.63, leaving $32,422.15. He made bequests in and by said will as follows:

Utica Cemetery Association, known as the Forest Hill Cemetery Association, for perpetual care of burial lot, $500; St. Joseph's Infant Home of Utica, N. Y., $100; St. John's Orphan Asylum of Utica, N. Y., $100; trustees for perpetual care of family burial lot in St. Agnes' Cemetery at Utica, N. Y., not exceeding $600; Father Kirchen, for masses, $100; Mrs. Charles Purcell, of Utica, N. Y., certain household furniture, and then follows the 9th paragraph which is as follows:

" *Ninth.* All the rest, residue and remainder of my estate, real and personal of every name and nature whatsoever, I give, devise and bequeath unto the Citizens Trust Company of Utica, N. Y., in trust, said Trust Company to also act as the executor of this my last Will and Testament, my said trustee shall collect all my personal property and reduce the same into one fund and to invest and keep the same well invested, in approved interest bearing securities and from and out of said interest moneys to be collected therefrom to pay over to my wife during life or until she re-marries, if that event occurs, one-half of said net income and profits semi-annually as above provided, for her comfortable support, medical care and treatment during life. And all the rest, residue and remainder of said net income I direct and require my said trustee to pay the same over in equal shares or proportions to the Masonic Home of Utica, N. Y., the Home for the Aged Couples of Utica, N. Y., and the Old Ladies Home of Utica, N. Y., so long as said Institutions shall exist, and in case any of said institutions shall cease to exist the balance of said fund shall be divided equally between the survivors of said institutions and so on to the survivor thereof, and in case all of said institutions shall at any time cease to exist, then I direct and require my said trustee to divide the trust fund aforesaid, together with all accumulated interest thereon, between such other Orphan Asylums and the Home or Homes for aged persons, as may exist in the city of Utica, share and share alike, their and each of their successors absolutely and forever."

The provisions of the 2d paragraph are included in the 9th, except the provisions making the bequest to the widow in lieu of dower and in lieu of all interest (meaning exemptions) in personal property.

The only questions to be determined are:

Should that part of this estate over and above the one-half part which testator can validly bequeath to charity, be paid to the

widow upon judicial settlement of the executor's account, or should it be held by the trustee until her remarriage and then paid to her, or in case she does not remarry, held until her death and then paid to her legal representative?

Section 17 of the Decedent Estate Law provided, at the time of the death of testator, as follows: " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more."

It is conceded by all of the parties that each of the institutions, to wit, the two that are bequeathed $100 each, and those named in said 9th paragraph, is a charitable corporation within the purview of said section 17, and also that testator bequeathed more than one-half of his estate to such corporations.

I am convinced that testator died intestate as to that part of his estate which he cannot lawfully bequeath. *Matter of Leary's Estate,* 1 Tuck. 233; *Scott* v. *Ives,* 22 Misc. Rep. 749, 757; *Matter* of *Allen,* 111 id. 93, 131; *Lefevre* v. *Lefevre,* 59 N. Y. 434; *Jones* v. *Kelly,* 170 id. 401; *Central Trust Co.* v. *Egleston,* 185 id. 23; *Decker* v. *Vreeland,* 220 id. 326; *Barber* v. *Terry,* 224 id. 334.

Also that said part should be decreed to be paid to the widow upon the judicial settlement of the executor's account.

Subdivision 1, section 314 of the Surrogate's Court Act provides: " The word ' intestate,' signifies a person who died without leaving a valid will; but where it is used with respect to particular property it signifies a person who died without effectually disposing of that property by will whether he left a will or not."

In the *Scott* case, which was an action brought to obtain the construction of the will of Willard Ives, a life estate was created for the benefit of the widow. Mr. Justice McLennan said, on page 757: " It would seem, therefore, independent of any other fact or consideration, that Willard Ives died intestate as to all of his property in excess of one-half of the same, and that if there were no other consideration the personal property would go to his widow, the defendant, Lucina M. Ives, and the real estate to his heirs and next of kin." And in conclusion he directs that one-half of the personal property be paid to the corporations named in the will, and the other half be paid to the widow.

In *Matter of DeLamar,* 118 Misc. Rep. 129, Surrogate Cohalan said: " If a testator who is survived by a wife, child or parent,

Surrogate's Court, Herkimer County, February, 1924.    [Vol. 123

has given more than one-half of his estate to charitable corporations, immediately upon his death the title to so much of his estate as exceeds the statutory restriction vests in his heirs or next of kin. *Chamberlain* v. *Chamberlain, supra; Decker* v. *Vreeland, supra; Barber* v. *Terry, supra.* There is no suspension of the legal title to property passing by intestacy. 'Upon the intestate's death his estate passes *eo instanti* to the persons who, by virtue of the intestate law, were entitled thereto.' *Matter of Ramsdill,* 190 N. Y. 492, 495."

In the *Barber* case (p. 339) Judge Pound said: " If it were not for the statute, the title to the real estate would vest in the A. M. McGregor Home. But such devise is ' valid to the extent of one-half and no more.' As to the other half the testatrix died intestate."

The executor, trustee, claims that the trust is good with no invalidity in the trustee's title. I am of a different opinion, for it seems to me that the trust must be invalid beyond the one-half part of this estate, for the reason that it is for an invalid purpose.

Judge Parker said in the *Jones* case (p. 409): " The contention of counsel that the testator attempted to create an express trust as to all of his residuary estate need not be considered, for if we should agree with him it would not avail him, for the statute prohibits a devise by a person situated as this testator was, in trust or otherwise, for the benefit of charity of more than one-half of his estate, and hence, a devise to the executors in trust for such purpose would have been wholly void as to the one-half thereof."

Judge Crane said in the *Decker* case (p. 334): " There would be no reason for making the beneficial provisions of section 17 apply to a direct gift to charity, but not to an express trust for such a charity. In fact, reason would be against such a construction, as it would appear to be an attempted evasion of the law."

The purpose and intent of this statute is to prohibit and prevent a testator having a wife, child or parent from giving to the societies, associations or corporations therein named, " in trust or otherwise," more than one-half part of his net estate.

I am of the opinion, and find and decide:

That all of said corporations are charitable corporations within the meaning of section 17 of the Decedent Estate Law; that said testator bequeathed more than one-half part of his estate to such corporations; that said will violates the provisions of section 17 to the extent of all that part of his estate bequeathed to charitable corporations in excess of one-half thereof; that testator died intestate as to that part of his estate, so invalidly bequeathed, and that the widow is entitled to that part, pursuant to the provisions of subdivision 3

of section 98 of the Decedent Estate Law, and the same should be decreed to be paid to her upon the judicial settlement of the executor's account.

Provision for commissions and expenses and bequests will be made on the judicial settlement of executor's account.

Settle decree on two days' notice.

Decreed accordingly.