In the Matter of the Transfer Tax upon the Estate of JOSEPH R. DE LAMAR, Deceased.

WILLIAM NELSON CROMWELL and Others, as Executors, etc., of JOSEPH R. DE LAMAR, Deceased, Appellants; STATE TAX COMMISSION, Respondent.

First Department, May 2, 1924.

Taxation — transfer tax — surrogate on appeal from pro forma order determined that more than one-half of estate was given to charity in violation of Decedent Estate Law, § 17, and that excess was taxable — surrogate also determined that amount of additional transfer tax under Tax Law, § 221-b, should be recomputed and remanded matter to appraiser — order so far as concerned additional transfer tax was not appealed — determination of surrogate that Decedent Estate Law, § 17, was violated was reversed by Appellate Division — Appellate Division order was affirmed by Court of Appeals — Tax Commission then moved to substitute appraiser named in order on appeal from pro forma order — executors moved to modify pro forma order to conform to order on appeal to surrogate as to additional tax under Tax Law, § 221-b — determination as to additional transfer tax pursuant to Tax Law, § 221-b, is res judicata — surrogate should have denied motion to substitute appraiser and should have computed amount of additional transfer tax — additional tax on investments if assessed in new proceeding would have to be returned under Laws of 1920, chap. 765.

On an appeal to the surrogate in transfer tax proceedings from the *pro forma* order, the surrogate determined that over one-half of the estate was given to charity in violation of section 17 of the Decedent Estate Law and that the excess was subject to transfer tax and he modified the *pro forma* order in reference to the computation of the additional transfer tax on investments pursuant to section 221-b of the Tax Law. No appeal was taken from the order so far as concerned the tax under section 221-b of the Tax Law. But on appeal to the Appellate Division to test the determination of the surrogate that there was a violation of section 17 of the Decedent Estate Law, the order of the surrogate was reversed in so far as it held that there was a violation, and the Court of Appeals affirmed the order of the Appellate Division and upon the usual remittitur this order was made the order of the Surrogate's Court.

Thereafter, the State Tax Commission moved for the substitution of the name of a new appraiser in place of the appraiser named in the order on appeal to the surrogate from the *pro forma* order, although this provision of the order was no longer in force, since it had been set aside by the orders made on the remittitur directing the reinstatement of the *pro forma* order fixing the tax except in so far as that order was modified in reference to the additional transfer tax on investments. The executors moved to modify the *pro forma* order so as to conform it to the order and determination made by the surrogate upon appeal therefrom as to the additional tax on investments and requested that the surrogate compute that tax in accordance with his determination made upon the appeal to him from the *pro forma* order.

*Held*, that the determination of the surrogate on appeal from the *pro forma* order as to the additional transfer tax on investments was *res judicata* and cannot now be questioned though the rule may have been changed since then by the Court of Appeals.

Accordingly, the surrogate erred in granting the motion of the State Tax Commission to substitute a new appraiser for the one named in the order made on appeal from the *pro forma* order and in referring the matter to the appraiser for further proceedings and in refusing to grant the executors' motion for an order fixing the additional transfer tax on investments under section 221-b of the Tax Law in accordance with the provisions and final determination of the surrogate, for the reason that the tax could be fixed by a simple computation not requiring the assistance or further action by the appraiser.

Even if the additional tax under Tax Law, § 221-b, could be assessed in a new proceeding, it would be required to be repaid under the terms of chapter 765 of the Laws of 1920, and hence the new proceeding would be without avail if it could be opened.

DOWLING, J., dissents.

APPEAL by William Nelson Cromwell and others, as executors, etc., from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 2d day of November, 1923, amending an order entered in said Surrogate's Court on the 3d day of March, 1922, upon an appeal from a prior order fixing a transfer tax, by substituting a new appraiser after an appeal to the Court of Appeals and remittitur thereon.

Also an appeal by said executors from an order of said Surrogate's Court, entered in the office of said Surrogate's Court on the 2d day of November, 1923, as resettled by an order entered therein on the 3d day of November, 1923, denying their motion, made after such appeal to the Court of Appeals and remittitur thereon, to modify the original order fixing the transfer tax entered therein on the 27th day of May, 1920.

*Sullivan & Cromwell* [*Harlan F. Stone* of counsel; *Ralph Royall* with him on the brief], for the appellants.

*Charles A. Curtin* [*A. Welles Stump* with him on the brief], for the respondent.

McAvoy, J.:

Proceedings having been begun by the executors of the above-named decedent, who died December 1, 1918, for the determination of the transfer tax payable on his estate, a report of the transfer tax appraiser was filed on the 13th of May, 1920. The usual *pro forma* order was made on the 27th of May, 1920, which fixed the transfer tax payable by the estate at $464,740.69, and in addition to this normal tax there was imposed by the order an additional tax under section 221-b of the Tax Law (as added by Laws of 1917, chap. 700)* amounting to $250,343.86.

Appeals were taken to the surrogate from this formal order by both parties. The State Comptroller appealed upon the ground that the will violated section 17 of the Decedent Estate Law,† because it granted more than one-half of the estate to charity, and that there was a taxable excess over the amount of one-half of the estate which should be determined and taxed against the decedent's daughter beyond that which had been taxed as property left her under the terms of the will, which excess would revert to her by reason of the invalid gift to the charitable institutions benefited by the will through the gift of more than one-half of the estate. The executors and residuary legatees appealed upon the ground that the additional transfer tax under section 221-b of the Tax Law, which amounted to the sum aforesaid, was improperly imposed. (See 118 Misc. Rep. 127.)

The surrogate on the 3d of March, 1922, made an order upon these appeals in which he determined that certain items taxed as investments under section 221-b of the Tax Law were not such as to come within the meaning of the law and were improperly so taxed. Besides, he determined by precise adjudication that other items which were taxed under section 221-b of the Tax Law were exempt " to the extent that said investments are deemed to be transferred proportionately to the exempt charitable legatees, that is to say, in the same proportion as the total of the legacies to the exempt charitable legatees bears to the total transfers to all the other distributees." There was no appeal from this determination of the surrogate exempting from the transfer tax the charitable legacies in the proportion of the investments deemed to be transferred to such charitable legatees.

The State Comptroller appealed to the surrogate from the determination that the transfer of more than one-half of the estate to charitable institutions did not make the excess taxable, which

---

*Since repealed by Laws of 1920, chap. 644, in effect May 10, 1920, and made applicable to the estate of every decedent who died subsequent to July 31, 1919.— [REP.

† Since amd. by Laws of 1923, chap. 301, in effect September 1, 1923.— [REP.

appeal was allowed, and further proceedings were then necessary before an appraiser to determine what was the amount of taxable excess of the estate which the charitable legatees were prohibited from taking under section 17 of the Decedent Estate Law, which should have been taxed against the testator's daughter. This matter was remitted for appraisal by the surrogate's order, which was dated March 3, 1922, and the original order fixing the tax dated the 27th of May, 1920, was set aside in that respect and the proceeding was referred to one of the Transfer Tax Appraisers to make further report pursuant to the directions and determinations which the surrogate had made in his order.

On appeal to the Appellate Division to test the determination of the surrogate that there was a violation of section 17 of the Decedent Estate Law, the order of the surrogate was reversed (203 App. Div. 638) in so far as it held that there was a violation of section 17 of the Decedent Estate Law, and it was then, in effect, determined that there need not be a reappraisal to determine the tax for that reason, and the order on remittitur from the Appellate Division reinstated the original order fixing the tax, except as modified by the order of the Surrogate's Court, dated the 3d day of March, 1922, in respect to the additional transfer tax under section 221-b of the Tax Law.

On the appeal to the Court of Appeals by the State Tax Commission, which in the meantime had succeeded the State Comptroller in charge of the administration of the Transfer Tax Law,* the order of the Appellate Division was affirmed (236 N. Y. 604), and upon the usual remittitur this order was made the order of the Surrogate's Court. The determination then entered in the Surrogate's Court through the operations of these various orders was that the tax as fixed by the original formal order on appraisal was to stand without modification so far as the application to section 17 of the Decedent Estate Law is concerned; and that the tax as fixed by the original order was to be modified only to the extent that the amount of the tax fixed under section 221-b of the Tax Law at $250,343.86 was to be recomputed according to the rule which was provided in the order of March 3, 1922. Under these conditions the provision of the order of the surrogate of March 3, 1922, which remanded the matter to the appraiser, was rendered nugatory, because the object of the reappraisal, to wit, the determination of the excess over one-half of the estate, which was given to charitable institutions, was no longer requisite, and in that respect the original order of May 27, 1920, was in effect reinstated. Nevertheless, the State Tax Com-

---

* See Tax Law, § 179, added by Laws of 1921, chap. 90, as amd. by Laws of 1921, chap. 443; Laws of 1921, chap. 90, § 11.— [REP.

mission moved for the substitution of a name of a new appraiser in place of the appraiser named in the order of March 3, 1922, although this provision of the order was no longer in force, since it had been set aside by the orders made on the remittiturs directing the reinstatement of the original order fixing the tax, dated May 27, 1920, excepting in so far as that order was modified by the provision which regulated the fixing of the additional tax on investments under section 221-b of the Tax Law.

The executors countermoved before the surrogate for an order modifying the original order fixing the tax, so as to conform to the order and the determination made by the surrogate upon the appeal to him from the formal order as to the additional tax under section 221-b of the Tax Law. The amount of this additional tax was requested to be computed and fixed according to the determination of the surrogate made upon the original appeal. The motion of the executors was denied and the motion of the State Tax Commission to substitute the name of an appraiser was granted. Orders were accordingly entered and it is these orders which are here under review. There was nothing required to be done to set forth the correct amount of the tax in the proposed order by the executors under section 221-b of the Tax Law, except to compute the amount in accordance with the determinations upon the appeal to the surrogate.

Neither in the brief nor on the argument was there any necessity suggested for an appraisal with respect to the computation of the tax due under section 221-b of the Tax Law, as such tax was assessed by the directions of the order of March 3, 1922.

The learned surrogate recognized in his opinion (N. Y. L. J. Oct. 30, 1923, p. 365) that ordinarily the computation and fixing of the tax according to the result of the appeals is made by him without the intervention of a reappraisal, but it seemed to him that it was proper to keep open the pending matter for a new determination to be based on two latter day decisions in the Court of Appeals (*Matter of LeFevre*, 233 N. Y. 138, 143; *Matter of Burnham*, 236 id. 608) which laid down a different rule from that followed by the surrogate in this case fixing the tax under section 221-b of the Tax Law.

It is obvious that no further determination can be made upon this subject-matter other than that contained in the order fixing the tax of March 3, 1922, from which no appeal was taken. The determination as to the assessability of the securities involved therein became *res adjudicata*.

Accordingly, we think the surrogate erred in referring this matter to the appraiser for further proceedings and in refusing to grant the executor's motion for an order fixing the tax under section 221-b

of the Tax Law in accordance with the previous and final determination of the surrogate, for the reason that the tax could be fixed by a simple computation not requiring the assistance or further action by the appraiser. (*Matter of Spingarn*, 175 App. Div. 807.) That such an order is *res adjudicata* is determined in the case entitled *Matter of Wolfe* (137 N. Y. 205). It appeared that in the estate of Catharine Lorillard Wolfe an order was made in the year 1887 fixing the transfer which contained provisions exempting from the tax certain bequests made to the Metropolitan Museum of Art and to Grace Church. Some years thereafter a decision was made in a case entitled *Sherrill* v. *Christ Church* (121 N. Y. 701) which was flatly inconsistent with the result which had been reached by the surrogate in the *Wolfe* case, and which held that legacies of such a nature were not entitled under the law as it then existed to be exempt. Thereupon a litigation was commenced in October, 1890, by the district attorney under certain provisions of the Collateral Inheritance Tax Act of 1885 (Laws of 1885, chap. 483, as amd.) to reopen the proceedings and to recover a tax upon the bequests under the will of Catharine L. Wolfe to the Metropolitan Museum of Art and to Grace Church. The court said: " In the present case, the surrogate's decree of October, 1887, was an adjudication upon the liability of these legacies to taxation, which was final, and was a complete bar to the maintenance of any subsequent proceeding by the district attorney to collect a tax."

Other cases holding that transfer tax orders of the surrogate are *res adjudicata* and binding on all parties unless appealed from are as follows: *Matter of Rice* (56 App. Div. 253); *Matter of Lowry* (89 id. 226); *Matter of Barnum* (129 id. 418).

In *Matter of Davis* (149 N. Y. 539) the court in discussing transfer tax appeals said (p. 547): " The respondent's appeal to the surrogate was only from that portion of the decree which directed the county treasurer to add interest at the rate of ten per cent from January 16, 1887. She did not appeal from the appraisal or valuation of the estate, or from the assessment of the tax. Upon that appeal the learned surrogate was not authorized to reverse the entire decree, to make a new appraisal or valuation of the estate, or to interfere with any portion of it except that appealed from, as it is a well settled rule that only the parts of a judgment or decree which are appealed from can be reviewed. (*Sands* v. *Codwise*, 4 Johns. 536; *Kelsey* v. *Western*, 2 N. Y. 500; *Robertson* v. *Bullions*, 11 N. Y. 243; *Murphy* v. *Spaulding*, 46 N. Y. 556.) * * *.

" Where a statute requires the grounds of the appeal to be stated, none except those specified can be considered. The hearing must be limited to the errors noticed in the appeal. Otherwise the require-

ment of the statute would be without significance. It follows that the value of the estate transferred to the respondent and the tax to be paid thereon, were established by the decree of October 15, 1894, and as that portion of the decree has never been appealed from or properly reversed, it is conclusive between the parties upon those questions."

Even if the tax could be assessed in a new proceeding, it would be required to be repaid under the terms of chapter 765 of the Laws of 1920 (amdg. Tax Law, § 221), and hence the new proceeding would be without avail if it could be opened. The statute reads: "In all estates where an additional tax under section two hundred and twenty-one-b has been heretofore imposed on a bequest to a person who is a bishop or on a bequest heretofore made to one or more of the wholly exempt corporations above named, the executors or trustees of the estate may apply to the surrogate of the proper county to have the taxing order amended by exempting such transfers from the additional tax under section two hundred and twenty-one-b and the State Comptroller* upon receipt of such amended order of the surrogate is hereby authorized to make the proper refund in all estates where it appears from his records that such additional tax has been paid."

The orders should, therefore, be reversed, with ten dollars costs and disbursements, and the surrogate directed to make an order modifying the original order so as to fix the tax in accordance with the provisions of the order of March 3, 1922.

CLARKE, P. J., SMITH and MARTIN, JJ., concur; DOWLING, J., dissents.

Orders reversed, with ten dollars costs and disbursements, and proceeding remitted to the Surrogate's Court for further action in accordance with opinion.

---

* Now State Tax Commission. (See Tax Law, § 179, added by Laws of 1921, chap. 90, as amd. by Laws of 1921, chap. 443; Laws of 1921, chap. 90, § 11.)— [REP.