In the Matter of the Estate of ALFRED BLUMENTHAL, Deceased.

Surrogate's Court, New York County, February 23, 1926.

**Executors and administrators — accounting — terms of will bequeathed more than one-half of estate to charity in violation of Decedent Estate Law, § 17 — next of kin not barred from sharing in proceeds of estate made available by intestacy by accepting general legacies under will — doctrine of election has no application to will which violates Decedent Estate Law, § 17.**

Next of kin of a decedent, the terms of whose will violates section 17 of the Decedent Estate Law, are not prevented from sharing in the proceeds of the estate made available by the resultant intestacy arising from bequests to charity in excess

of one-half of the gross estate, less debts, by receiving and receipting for the amount of two general legacies given to them by decedent's will.

The doctrine of election has no application to a will, the terms of which violate section 17 of the Decedent Estate Law; consequently, it cannot be said that decedent's children, having accepted legacies under the will, waived their right to contest the validity of its terms.

REARGUMENT in proceeding for judicial settlement of account of executors, involving construction of will.

*Wise & Seligsberg,* for executors of estate of Alfred Blumenthal.

*House, Grossman & Vorhaus,* for estate of Hannah Blumenthal.

*Arthur L. Davis,* for Jesse Perlman and Grace Guinzburg.

*Sanford Robinson,* for Timen children.

*Hoadly, Lauterbach & Johnson,* for Mt. Sinai Hospital.

*Cook, Nathan & Lehman,* for Federation for the Support of Jewish Philanthropic Societies of New York City.

FOLEY, S. Since the rendition of my original decision in this contested accounting proceeding (*Matter of Blumenthal,* 124 Misc. 850), the attorneys for the executors, upon a reargument, have raised a further point which it is claimed prevents the next of kin from sharing in this estate under the provisions of section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301). That section reads as follows: " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more."

I held that the terms of the will violated the provisions of that section and that more than one-half of the estate had been bequeathed to charitable corporations. Necessarily, intestacy resulted as to the amount that the legacies bequeathed to charity exceeded one-half of the gross estate less debts. The executors now contend that the children of the decedent have waived their right to contest the validity of the terms of the will under section 17, because they received and receipted for the amount of two general legacies given to them by the will. The theory of the executors is that the children must be deemed to have made an election to take under the will, and that they cannot thereafter take in opposition to its terms. I hold that the doctrine of election has no application to a will which violates section 17 of the Decedent Estate Law. The definition and principles governing equi-

MATTER OF BLUMENTHAL. **605**

Misc. 603]   Surrogate's Court, New York County, February, 1926.

table election are stated in 2 Story's Equity Jurisprudence (13th ed. § 1075 *et seq.*) as follows: "Election   *   *   *   is the obligation imposed upon a party to choose between two *inconsistent* or *alternative* rights or claims in cases where there is clear intention of the person from whom he derives one that he should not enjoy both.   *   *   *   The party who is to take has a choice but he cannot enjoy the benefits of both."   (Italics mine.)

It will be noted that an election is required where the provisions of the will and the rights of the beneficiary claiming against them are conflicting and inconsistent.   But there is no inconsistency or contradiction of terms in a will affected by said section 17.   If the legacies to the charities exceed one-half of the estate, the preferred relatives named in the section may take the excess as a matter of right.   The general pecuniary or specific legacies otherwise contained in the will are necessarily independent of the charitable gifts.   If, on the other hand, the gifts to charity upon computation do not exceed one-half of the estate, the section has no application. In other words, so far as the statutory prohibition applies, the rights of the preferred next of kin are fixed, certain and independent of any other benefits.

The authorities construing that section all hold that it is not a mortmain statute directed against charities, but its purpose is based upon public policy for the protection of certain favored relatives of the testator, viz., the spouse, parents or children. (*Matter of DeLamar*, 203 App. Div. 638, 640; *Amherst College* v. *Ritch*, 151 N. Y. 282, 333.)   At the time of the preparation of a will, a testator or a draftsman is charged with knowledge that if the gifts to the charitable or other corporations named exceed one-half, any one of the preferred relatives may take the excess under the law, if he desires.   It is within the power of the testator to provide by express language for the defeat of any general legacies to the relatives preferred by the statute in case they contest the charitable gifts.   But if the will contains no specific direction for a choice, the statute does not compel the beneficiary to elect between a general legacy contained in the will and his share of the intestate property.   In this regard the context of section 17 is entirely different from section 200 (*et seq.*) of the Real Property Law, which requires a specific election by a widow between dower and gifts contained in a will in lieu of dower.

The principal authority relied upon by the executors (*Chipman* v. *Montgomery*, 63 N. Y. 221) has no application to a will which violates the provisions of section 17 of the Decedent Estate Law. That case was later modified and limited by the decisions of the Court of Appeals in *Read* v. *Williams* (125 N. Y. 560) and *Under-*

*wood* v. *Curtis* (127 id. 523), which hold that next of kin, who may be legatees under the will, are not debarred from asserting rights where trust provisions of the will are invalid. The court held that in such cases the executors hold the intestate property as trustees upon a resulting trust for the benefit of the next of kin.

An examination of the authorities decided since the original enactment of this section in 1860 fails to disclose a single case where a legatee was compelled to forfeit either his legacy or his rights by intestacy under the statute, or which held that the receipt of a general legacy foreclosed him from asserting his intestate rights under the section. Thus the courts have been guided by the beneficial purpose of the statute and have not sought to diminish or weaken its force, or its positive language by the device of judicial amendment.

Proceed in accordance with the instructions of the surrogate.