In the Matter of the Estate of JOHN MARSHALL HILLS, Deceased.*

Surrogate's Court, New York County, June 1, 1933.

*Affd., 240 App. Div. 968.

*Allen Evarts Foster [Woodson D. Scott* of counsel], for the executors and trustees.

*Reynolds & Goodwin [John Reynolds* of counsel], for the petitioner.

FOLEY, S.   This is a proceeding brought by the committee of the incompetent widow of the testator to construe his will.   The action of the committee in instituting the proceeding has been approved and ratified by the Supreme Court.   The gift of the residue of the estate to the charitable corporations named in the will is attacked by the committee as violating the provisions of section 17 of the Decedent Estate Law.   It definitely appears that more than one-half of the estate, after the payment of debts, has been devised and bequeathed to charity, in violation of the statute.   The right of the committee to invoke that section for the benefit of the widow is questioned by the executors and trustees.   Their contention is that the section gives to the widow a *personal* right of election which cannot be exercised by any one else in her behalf, and that in the absence of express statutory authority her committee cannot elect for her.   That contention is erroneous.   Section 17 does not involve a right of election, but grants a property right to certain preferred next of kin who may assert such right independent of any other provisions for their benefit in the will.   (*Matter of Blumenthal,* 126 Misc. 603.)   The section is based upon public policy and was intended for the protection of these favored relatives of a testator, among whom is a widow.   (*Matter of De Lamar,* 203 App. Div. 638, 640; *Amherst College* v. *Ritch,* 151 N. Y. 282, 333.)   The necessity for protecting the rights of the estate of the incompetent is more emphatic here than in the case of the exercise by the committee of an incompetent widow of the right of election to dower.   It was held in *Matter of Brown* (212 App. Div. 677; affd., 240 N. Y. 656) that such a right was a personal one vested in the widow but that the Supreme Court had the power to make an election for the widow where she was insane and incapable of making it for herself.   Under section 17 of the Decedent Estate Law there is no right of election in the strict sense, but a property right is given to a relative within the statutory preferred class to take the excess over the one-half limitation.   In the pending case there is no choice of alternative benefits by an election, and the committee, if it should waive the substantial excess, might be confronted with an ultimate charge of negligence and disregard of its trust duties as committee.   The action of the committee in bringing the pending proceeding, with specific recognition of the contemplated enhancement of the incompetent's estate, has been ratified by the Supreme Court, which appointed the committee.   I accordingly hold that the excess of the

fund unlawfully devised and bequeathed passed to the widow as intestate property, subject to her intervening life estate therein under the terms of the will. I hold further, under the language of the will, that so much of the income of the trust fund for the widow as may not be applied by the trustees to her " maintenance, comfort and support " during her lifetime, should be paid by them to the committee of her property. (*Matter of Scharmann*, 63 Misc. 640.)

Submit decree on notice construing the will accordingly.