In the Matter of the Estate of LILLIAN H. WEBSTER, Deceased.*

Surrogate's Court, New York County, March 9, 1942.

* See *post*, p. 345.

*Samuel Mann*, for the petitioners.

*Walter Avery*, for Patsy Sartino, individually and as executor, etc., respondent.

*Barry, Wainwright, Thacher & Symmers* [*Howard B. Nichols* of counsel], for The American Society for the Prevention of Cruelty to Animals and The American Humane Association, respondents.

*Charles A. Taussig*, for the Bowery Mission, respondent.

*Cadwalader, Wickersham & Taft* [*Wm. D. McCain* of counsel], for the Community Service Society of New York, respondent.

*Gould & Wilkie*, for the National Society for the Prevention of Blindness, Inc., respondent.

*Gifford, Woody, Carter & Hays*, for the National Audubon Society, respondent.

*Matthew B. Sentner*, for the New York Association for the Blind, respondent.

*Rounds, Mead & Wolfson*, for the New York Women's League for Animals, respondent.

*John J. Bennett, Jr., Attorney-General*, for the State of New York.

DELEHANTY, S. In this construction proceeding the sole question presented is whether the executor of the estate of a deceased husband may assert the husband's right as survivor of his wife to claim partial invalidity of the gifts to charity under deceased wife's will on the ground that the gift to charity is in excess of the limit prescribed by section 17 of the Decedent Estate Law. The husband committed suicide within an hour after he had caused the death of deceased. Question may arise whether any benefit may devolve upon or through the husband of deceased if he was guilty of a felonious killing (*Riggs* v. *Palmer*, 115 N. Y. 506), but such question will never arise unless the court holds that the husband's executor may now challenge the validity of the charitable gift under deceased's will.

In situations where members of the group entitled under section 17 of the Decedent Estate Law to challenge the extent of a charitable gift had opportunity personally to exercise that right and failed to do so it has been held generally that the right is waived for good and that the legal representatives of such a person may not exercise it in behalf of the estate of such a person. In the present case it might perhaps be argued that the now deceased husband should be held to have elected not to exercise his rights under section 17 of

the Decedent Estate Law because he chose by his own act to terminate his life and hence terminate voluntarily his opportunity to elect. But the question will some day be presented of deaths in a common disaster of a testator whose will contravenes the statute and of a person entitled to challenge such a will. It may well happen in such a disaster the survivorship of the person entitled to the right of election may be established beyond question but the proof might well establish also the fact that such survivor could not perform any conscious act before his own death. In such a situation the case will be squarely presented whether or not the privilege to contest the gift under a will is or is not purely personal to the member of the class entitled to make the contest. If as may be the case here the deceased husband was insane and was, therefore, not chargeable with the felonious killing of his wife, his suicide while insane might be held to be on a parity with the suppositious case just mentioned.

Because of that possibility the court deems the question is here present in this record whether the right is purely personal. The court holds that it is. The representative of a deceased member of the class entitled under section 17 of the Decedent Estate Law to elect against the will of another normally has only an obligation to enforce the property rights of his deceased and to administer the assets owned by that deceased. The privilege conferred by section 17 of the Decedent Estate Law is of such a nature that it should be narrowly restricted. Many instances exist of gifts exceeding the limit under the statute being wholly validated by inaction of the persons in the privileged class. Such inaction may be due to many motives of a purely personal nature. Gifts to charity are not frowned upon. There is no public interest against them. There is no public policy which voids the gift because of the excess. All that the statute provides is that when one of the privileged class asserts that the gift is in excess of the statutory limit such a challenge on proper proof will result in a diminution of the gift. The statute confers only a personal individual right. It does not establish *ipso facto* a property right in the excess which would pass as a chose in action to the representative of a deceased member of the favored class. This construction is in accord with the history and the spirit of the statute and with the discussions of the courts which have dealt with it. (*Amherst College* v. *Ritch*, 151 N. Y. 282; *Matter of Hills*, 264 id. 349; *Matter of De Lamar*, 203 App. Div. 638; *Matter of Armstrong*, 160 Misc. 806; *Matter of Froman*, 165 id. 400; *Matter of Donnelly*, 172 id. 107.)

Submit, on notice, decree construing the will accordingly.