[Civ. No. 17914.  Second Dist., Div. Three.  Oct. 31, 1950.]

Estate of SALLIE H. BUNN, Deceased.  BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Executor and Testamentary Trustee, etc., et al., Respondents, v. MARGUERITE BUNN BUNNELL, as Administratrix etc., Appellant.

Laurence Phillips for Appellant.

Willard T. Bender and McLaughlin & Casey for Respondents.

SHINN, P. J.—This is an appeal by Marguerite Bunn Bunnell, administratrix of the estate of Harry C. Bunn, deceased, from that portion of an order which distributed to Bank of America National Trust and Savings Association, as testamentary trustee, the sum of $20,000 for the uses and purposes set forth in the decedent's last will.

Sally H. Bunn died February 3, 1947, leaving surviving her husband, nephews and nieces, but no lineal descendent, mother or father, sister or brother.  The surviving husband died March 12, 1947, and letters of administration upon his estate were issued to appellant.  By her will, and codicils executed more than six months prior to her death, Mrs. Bunn disposed of her estate which would remain after her husband's death, leaving the same to her executors to be "sold and given to a worthy charity," to be selected by her executors. Appellant filed a petition under section 1080 of the Probate Code for a determination as to who were entitled to distribution of the estate.  The surviving husband did not challenge

the effectiveness of the bequest to charity under sections 41 and 43 of the Probate Code. The pertinent provision of section 41 is that a testator may not leave more than one-third of his estate to charity as against his spouse, brother, sister, nephew, niece, descendent or ancestor who would otherwise have taken the excess over one-third. Section 43 reads: ''Nothing in this article contained shall apply to bequests or devises made by will executed at least six months prior to the death of a testator who leaves no spouse, child, grandchild or parent, or when all of such heirs, by a writing executed at least six months prior to his death, shall have waived the restriction.''

In the former proceeding the trial court held that no valid trust was created and no valid gift to charity was effected by the will. This judgment was reversed by the Supreme Court (*Estate of Bunn*, 33 Cal.2d 897 [206 P.2d 635]). Since then there has been a partial distribution of the estate in which $20,000 was distributed to the bank as trustee, the estate not being ready for final distribution.

Upon the former appeal the following points were decided: (1) The bank, as trustee, was a proper party to appeal from the order in the proceeding to determine heirship; (2) a valid charitable trust was created by the will of Mrs. Bunn with the bank as trustee; (3) since the will was executed at least six months prior to Mrs. Bunn's death the limiting provisions of section 41 of the Probate Code, which restrict charitable bequests to one-third of the estate, may be taken advantage of only by those named in section 43, namely, a surviving spouse, child, grandchild or parent; (4) inasmuch as the surviving spouse did not question the validity or effectiveness of the bequest the same could not be questioned by the administratrix of his estate, or by the collateral heirs who were attempting to do so.

The questions on the present appeal are whether when Mr. Bunn died the right the surviving husband had to assert his rights under sections 41 and 43 of the Probate Code passed to his heirs upon his death, and could be asserted by appellant as administratrix of his estate, and whether that question was answered adversely to appellant on the former appeal. If the answer to the second question is in the affirmative it disposes of both questions and will require an affirmance of the decree. We think it is not open to question that the point was decided. On the former appeal, in addition to the trustee and the administratrix of Mr. Bunn's estate, certain legatees

were represented, and since they prevailed in the lower court they were designated on the appeal as respondents. After referring to sections 41 and 43 of the Probate Code, the court said: "Although the question as to who may assert the invalidity of a devise or bequest subject to the provisions of section 43 of the Probate Code has not been directly decided by the appellate courts of California, under the authorities in other jurisdictions the respondents cannot do so because they are not members of the designated class." Authorities were cited with quotations supporting the statement. The court then added: "Nor is the administratrix of the estate of Mrs. Bunn's husband in any better situation, for the right to contest a will on this ground has been held to be purely personal, to be narrowly restricted, and one which does not pass to the representative of a decedent as a part of his estate. (*In re Webster's Estate*, 178 Misc. 342 [33 N.Y.S.2d 862].)" The appellant here suggests that the Supreme Court reached this conclusion after "brief unargued consideration," and that it should not be regarded as decisive of the point. The statement that the point was not well presented in the briefs, if well founded, does not justify the assumption that it was not carefully considered by the court. The respondents on the former appeal were contending that "the trust, if valid, may be sustained only as to one-third of the estate." It was held that only the surviving husband could properly make that claim. We would so decide if the question were open. It is argued now that the husband had no opportunity to assert his rights for the reason that he died before administration of the estate had reached a stage where he could have challenged the bequest to charity, and that therefore his administratrix should have the right. The fact of his early death was noted in the opinion of the Supreme Court in holding that the right was a personal one which did not survive his death.

The portions of the order and decree of distribution appealed from are affirmed.

Wood (Parker), J., and Vallée, J., concurred.