In the Matter of the Will of JOHN M. HILLS, Deceased. HENRY DE F. BALDWIN et al., as Executor, and Trustees under the Will of JOHN M. HILLS, Deceased, Appellants; THE NEW YORK TRUST COMPANY, as Committee of the Property of LOUISE B. HILLS, an Incompetent Person, Respondent.

350

(Argued April 16, 1934; decided May 22, 1934.)

*Allen Evarts Foster* and *Woodson D. Scott* for appellants. The testator having expressly declared that the provisions in his will for his wife are in lieu of her dower and of all other claims on his estate, the decree of the Surrogate's Court is erroneous, because it not only allows the widow the full benefit of the provisions of the will in her favor, but also permits her to take advantage of her statutory claims on the estate. (*Matter of Blumenthal*, 126 Misc. Rep. 603; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of Benson*, 96 N. Y. 499.) The right of the widow created by section 17 of Decedent Estate Law (Cons. Laws, ch. 13) to contest the validity of the bequest of more than one-half of the estate to the hospital is a personal right of election and her committee cannot make the election, but such election must be made by or under the direction of a court of competent jurisdiction. (*Amherst College* v. *Ritch*, 151 N. Y. 282; *Matter of Blumenthal*, 126 Misc. Rep. 603; *Flynn* v. *McDermott*, 183 N. Y. 62; *Matter of Brown*, 212 App. Div. 677; 240 N. Y. 646; *Camardella* v. *Schwartz*, 126 App. Div. 334; *Matter of Rasmussen*, 147 Misc. Rep. 564; *Matter of Brooke*, 279 Penn. St. 341; *Matter of Fidelity Trust Co.*, 250 Penn. St. 9; *State ex rel. Percy* v. *Hunt*, 88 Minn. 404.)

*Charles Angulo, Thomas K. Egan, Jr.,* and *Ferdinand J. Wolf* for City Bank Farmers Trust Company, as executor of Samuel J. Sonderling, deceased, *amicus curiæ.* The institution of proceedings to contest the validity of charitable provisions of a will alleged to be in violation of section 17 of the Decedent Estate Law (Cons. Laws, ch. 13), by or on behalf of a person having the power under the statute to do so, is an optional act involving the exercise of judgment and discretion. (*Amherst College* v. *Ritch,* 151 N. Y. 282; *Matter of De Lamar,* 203 App. Div. 638.) The Supreme Court is the proper agency or tribunal to decide upon the exercise of the power to contest the validity of the charitable provisions of a will which violate section 17 of the Decedent Estate Law in behalf of an incompetent person for whom a committee has been appointed. (*Matter of Rasmussen,* 147 Misc. Rep. 564; *Matter of Blumenthal,* 126 Misc. Rep. 603; *Matter of Grant,* 122 Misc. Rep. 491; *Camardella* v. *Schwartz,* 126 App. Div. 334; *Matter of Brown,* 212 App. Div. 677; 240 N. Y. 646; *Matter of Stevens,* 125 Misc. Rep. 712; *Matter of Connor,* 254 Mo. 65; *First Nat. Bank* v. *MacDonald,* 100 Fla. 675; *State ex rel. Percy* v. *Hunt,* 88 Minn. 404; *Penhallow* v. *Kimball,* 61 N. H. 596; *Kennedy* v. *Johnston,* 65 Penn. St. 451; *Matter of Fidelity Trust Co.,* 250 Penn. St. 9; *Matter of Brooke,* 279 Penn. St. 341; *Van Steenwyck* v. *Washburn,* 59 Wis. 483.)

*John Reynolds* for respondent. Section 17 of the Decedent Estate Law does not involve a personal right of election. (*Matter of Apple,* 141 Misc. Rep. 380; *Matter of Blumenthal,* 126 Misc. Rep. 603; *Matter of Hamilton,* 100 Misc. Rep. 72; 185 App. Div. 936; *Decker* v. *Vreeland,* 220 N. Y. 326; *Butler* v. *Johnson,* 111 N. Y. 204; *Matter of Goss,* 98 App. Div. 489; *Matter of Hall,* 144 Misc. Rep. 616; *Matter of Tharp,* 113 Misc. Rep. 199.) The will does not bar the committee from asserting the rights of the incompetent under section 17 of the Decedent Estate Law, because it imposes no duty of election on the beneficiary.

*(Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Matter of Silsby,* 229 N. Y. 396; *Matter of Hayman,* 136 Misc. Rep. 199; *Matter of Hungerford,* 135 Misc. Rep. 385; *Matter of Bloodgood,* 129 Misc. Rep. 398; 223 App. Div. 640.)

LEHMAN, J. The decedent, by his last will and testament, gave, devised and bequeathed his entire residuary estate to trustees in trust " to pay over to, or to apply to the maintenance, comfort and support of my wife Louise Bruce Hills during her life, the remaining net rents and income therefrom." After the death of his said wife the decedent bequeathed $50,000 to the Century Association and the remainder of the trust fund, after all other legacies are paid in full, to the Anna Jacques Hospital of Newburyport, Massachusetts. The testator further directed in his will that " the provisions herein made for my wife are in lieu of her dower and of all other claims on my estate."

At the testator's death his wife was almost eighty-four years old. She has been declared incompetent by the Supreme Court of the State of New York. Her committee has petitioned the Surrogate to construe the will and to determine, among other things, (a) The extent, if any, to which the bequest to Anna Jacques Hospital is invalid. (b) The rights of Louise Bruce Hills in her husband's estate. The Surrogate has made a decree determining that " the devise and bequest to the Anna Jacques Hospital is in violation of section 17, Decedent Estate Law, and is valid only to the extent of one-half of said decedent's gross estate less his debts, as may be fixed on the accounting," and that the decedent " died intestate as to all property in excess of said sum of one-half of his gross estate less his debts and the non-charitable cash bequests, which amount to $64,000," and that all of such excess passes to testator's widow as intestate property subject to her intervening life estate and to an annuity provided by the decedent in his will for his wife's sister. The decree also provides that the

trustees shall pay to the committee of the wife so much of the income of the trust fund as may not be applied by them to her maintenance, comfort and support.

The trustees have appealed from those parts of the decree which adjudge that the devise and bequest to the Anna Jacques Hospital is valid only to the extent of one-half of the testator's estate after the payment of his debts and that the excess passes to the widow as intestate property. The partial invalidity of the bequest cannot be disputed. The question remains whether the committee of the wife has shown a right to contest the invalidity of the charitable bequest. It claims for the wife the benefit of the trust created for her, and the Surrogate has sustained that claim. The trustees urge that since the wife, if competent, might have elected to accept the provision which the testator made for her and not to avail herself of the statutory right to contest the validity of the bequest to the charitable corporation, the committee had no power to make the opposite choice in her behalf.

Where an incompetent has a personal privilege to elect between alternative and inconsistent rights or claims, it has been held that the privilege does not pass to the committee of the property of the incompetent. The committee's function is confined to the management of the property of the incompetent. So where a widow is given by a will an election to demand dower or to accept the provisions of the will in her favor, the committee has no power to exercise such election in her behalf. (*Camardella* v. *Schwartz*, 126 App. Div. 334.) There assertion of the right to dower requires the abandonment or destruction of an alternative right. A court of equity, through its general jurisdiction over fiduciaries and its function of guardianship of incompetents, may, in proper case, direct the committee to act in behalf of the incompetent in accordance with what the court finds would, in all probability, have been the choice of

the incompetent if he had been of sound mind. (*Matter of Lord*, 227 N. Y. 145; *Matter of Flagler*, 248 N. Y. 415.) Where the incompetent has a personal privilege between demand for dower or acceptance of a bequest in lieu of dower, the Supreme Court may act in place of the incompetent in exercising the choice. (*Matter of Brown*, 212 App. Div. 677; affd., 240 N. Y. 646.) Here the Supreme Court has not acted. The committee has contested the validity of the residuary bequest without prior application to that court.

The right to contest the validity of a bequest to certain corporations of more than one-half of the estate of a testator is confined to the class for whose protection the statutory limitation of testamentary power was imposed. (Decedent Estate Law [Cons. Laws, ch. 13], § 17.) We have said that the persons who have rights to contest may " waive or retain [them] at their election." (*Amherst College* v. *Ritch*, 151 N. Y. 282, 335.) That is true wherever a right is given for the protection of particular individuals rather than the general public. Then choice of waiver or assertion of the right rests with the individual upon whom the right has been conferred by law or by contract.

It may be that power to waive has not passed to the committee of the incompetent wife. Waiver of a right results in its destruction, and the committee's duty is to protect, not to diminish or destroy, the rights and property of the incompetent. The right remains and may be asserted where there has been no waiver of the right.

A committee, in the exercise of its duty to protect, has undoubtedly the power to assert the rights of the incompetent. That may call for exercise of discretion in regard to choice of remedy, or even in regard to whether assertion of the right will benefit the incompetent's property. The exercise of discretion in the performance of its duties is not denied to a committee. Choice whether to assert or not to assert a right thus ordinarily comes

within the scope of a committee's functions and powers; though a waiver or abandonment of a right of the incompetent may be outside of that scope and may require a direction from the Supreme Court.

The statute does not require any election in order to contest the validity of the charitable bequest. Election is the choice between two alternative and inconsistent rights. " The party, who is to take has a choice; but he cannot enjoy the benefits of both." (2 Story's Eq. Juris. [10th ed.] § 1075 *et seq.* Cf. *Matter of Blumenthal*, 126 Misc. Rep. 603.) The choice between assertion of the right or its waiver is not conferred by the statute. It is inherent in all property rights and personal causes of action, and a committee has ordinarily the power to assert such rights.

Testamentary powers may be limited by law. A testator cannot deprive any person of the benefit of those limitations. Within those limitations a testator may dispose of his property as he sees fit, and he may use his testamentary power to induce a person to abandon rights conferred by law. He may provide that a person accepting his bounty shall abandon other rights to his estate. The testator here could not make a valid gift to a charitable corporation of more than one-half of his estate if his wife contested the bequest, nor could he deprive his wife of her dower in his real property. He could, however, make other provision for his wife on condition that she abandon her right of dower or her right to contest the validity of the charitable bequest. Then the wife could not enjoy both; nor could her committee. There must in such case be election between acceptance of the conditional testamentary provision and assertion of invalidity in the will.

The committee here has made no such choice. It asserts that no such choice is required by the terms of the will, though the will provides that " the provisions herein made for my wife are in lieu of her dower and of

all other claims on my estate." If the words "claims on my estate" include a claim that the wife is entitled to a portion of the testator's estate as intestate property, then the wife must elect between the benefit of the testamentary provision and her statutory right. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of Benson*, 96 N. Y. 499.)

The language of the will should not be construed beyond its plain meaning. The juxtaposition of the words "dower" and "all other claims" shows that the testator had in mind not only claims *against* the estate but claims to the estate. So we have construed similar language in *Matter of Benson* (*supra*). Moreover, a testator who has made provision of income for an aged wife beyond the amount which she can probably use, and desired that the principal should go to charity after her death, would reasonably impose such condition. It follows that the wife may not assert the invalidity of the charitable bequest until there has been an election to reject the testamentary provision in her favor, and this election must be made by the Supreme Court.

The orders should be reversed and the proceedings remitted to the Surrogate's Court to proceed in accordance with this opinion, with costs in all courts to both parties payable out of the estate.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.