BROOKLYN TRUST COMPANY, as Committee of the Property of ELIZABETH SMART, an Incompetent Person, Plaintiff, *v.* ELIZABETH MAY SMART, BREVOORT SAVINGS BANK and ETHELYN BATE, Defendants.

Supreme Court, Special Term, Kings County, January 27, 1937.

*Cullen & Dykman* [*Lyman Sessen* of counsel], for the plaintiff.

*McDermott & Turner* [*Harry Myer, Jr.*, of counsel], for the defendant Brevoort Savings Bank of Brooklyn.

*Harry Wolff*, guardian *ad litem* for Elizabeth May Smart.

FURMAN, J. Obviously it was the intention of the incompetent to use the proceeds of the account in question for the support and maintenance of her daughter. However, the act of creating the account coupled with such intention, standing alone, does not constitute sufficient evidence to warrant the court in declaring an irrevocable trust. There does not appear to be any other affirmative act or declaration on the part of the incompetent which would tend to denote that she intended to make it irrevocable. On the contrary, it is my opinion that a tentative trust was created. This is borne out by the fact that the incompetent always retained custody of the bank book up to the time she was judicially declared incompetent, and from time to time she withdrew the accrued interest from the account and in one instance she withdrew part of the principal. Furthermore, there is no evidence of her intention to make her daughter a gift of the account. There is no doubt in the mind of the court that the incompetent could, if she were sane, revoke this trust at will. Therefore, it necessarily follows that the court also has the power to revoke it on behalf of the incompetent provided the equity of the situation warrants. I certainly believe that the equity of this particular situation justifies the court in revoking this trust. Judgment will, therefore, be directed for the plaintiff. Submit findings and judgment in accordance herewith.