FRANCIS L. GANLEY, as Committee of the Person and Estate of MARY KOSTUK (GERTRUDE TOMEC), an Incompetent Person, Appellant, *v.* THE LINCOLN SAVINGS BANK OF BROOKLYN and JOSEPH KOSTUK, an Infant, Respondents.

Second Department, July 7, 1939.

*Homer E. Peters* [*Francis L. Ganley* with him on the brief], for the appellant.

*Frederick Weisbrod,* for the respondent The Lincoln Savings Bank of Brooklyn.

*Jacob A. Decker,* for the respondent Joseph Kostuk.

PER CURIAM. Action in equity brought by the plaintiff as committee of the person and estate of Mary Kostuk (Gertrude Tomec), an incompetent person, to recover from defendant The Lincoln Savings Bank of Brooklyn certain trust accounts aggregating $13,000, the moneys in which were deposited by Mary Kostuk in her maiden name, " Gertrude Tomec, in trust for Joseph Kostuk." The committee seeks to recover the fund in order to provide for the care, medical treatment and maintenance of the incompetent, a patient in Rockland State Hospital, the plaintiff claiming that the accounts were tentative trusts and revocable.

In our opinion the evidence was insufficient to warrant findings that irrevocable trusts of the money in the savings accounts were created by Mary Kostuk (Gertrude Tomec) in favor of the beneficiary therein named, Joseph Kostuk. The trusts were and have remained tentative and revocable (*Matter of Totten*, 179 N. Y. 112) by the creator thereof while competent, and by the Supreme Court of the State of New York, in which is resident power to direct the committee in this respect during the continuance of the incompetency. (*Matter of Hills*, 264 N. Y. 349.)

The judgment dismissing the plaintiff's complaint on the merits should be modified by striking out all decretal paragraphs except the third paragraph and in place thereof inserting a provision that judgment in favor of the plaintiff be directed as follows: (1) Adjudging that the savings bank accounts in The Lincoln Savings Bank of Brooklyn, designated respectively as No. T-1522 and No. T-1523, each in the name of " Gertrude Tomec, in trust for Joseph Kostuk," were and are trust accounts revocable by Mary Kostuk (Gertrude Tomec) during her lifetime while and if competent, and by the Supreme Court of the State of New York, under whose jurisdiction the trust accounts are, pending the recovery of mental soundness by or the death of said Mary Kostuk. (2) That such trust accounts are subject to directions to be given by the Supreme Court with respect to payments therefrom to be made to the committee for the incompetent for her benefit and to the general guardian of the infant Joseph Kostuk for the latter's benefit, the court acting for the incompetent in respect to such payments as it shall deem she would act if competent. (3) That in the event of the restoration of the incompetent to competency and ability to manage her affairs and business, the balance, if any, in the trust accounts shall constitute a trust fund revocable by her in her lifetime. (4) That in the event of the incompetent's death before such restoration, the then balance of the trust accounts shall become the absolute property of the beneficiary, Joseph Kostuk. As thus modified, the judgment should be affirmed, with costs to respondent The Lincoln Savings Bank of Brooklyn only, payable from the fund.

Inconsistent findings of fact and conclusions of law should be reversed and new findings and conclusions made.

The appeal from the decision should be dismissed.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ.

Judgment dismissing the plaintiff's complaint on the merits modified in accordance with the opinion herein, and, as thus

modified, unanimously affirmed, with costs to respondent The Lincoln Savings Bank of Brooklyn only, payable from the fund.

Inconsistent findings of fact and conclusions of law are reversed and new findings and conclusions will be made.

Appeal from the decision dismissed.

Settle order on notice.