In the Matter of AGNES BISKUR, a Former Incompetent Person.

Supreme Court, Special Term, Kings County, December 14, 1944.

*Edward Devlin* for former incompetent.

*Cullen & Dykman* for committee.

BROWER, J. In this matter the former incompetent has been returned to a sound state of mind and capacity to manage her own affairs and, by order, the commission heretofore issued to the petitioner herein has been superseded and the committee directed to restore to her her property, and to render and file an account of its stewardship.

Upon such an accounting it now appears that the estate consists of a savings bank account standing in the name of the former incompetent and two defense savings bonds, besides two other savings bank accounts standing in the name of the former incompetent " in trust for Matya Piskur " and each constitutes a form of deposit familiarly known as a Totten Trust. (See *Matter of Totten*, 179 N. Y. 112.)

The petitioner sets claim to commissions including the two last-mentioned bank accounts and the interest accrued thereon. The question involved seems not to have been before the courts in the past.

After qualifying as committee the petitioner assumed physical custody of the three passbooks and caused the interest to be computed from time to time on each account. It made no withdrawals from the Totten accounts.

The right to commissions is, of course, wholly statutory. (See *Meacham* v. *Sternes,* 9 Paige Ch. 398, 399; *Downing* v.

*Marshall,* 37 N. Y. 380, 393.) Examining the statutes we note that, as expressed by the Court of Appeals in *Matter of Merritt* (278 N. Y. 74, 76): '' The sole authority for the allowance of compensation to a committee of an incompetent person is found in section 1376 of the Civil Practice Act. There it is provided that: ' A committee of the property is entitled to the same .compensation as an executor, administrator or testamentary trustee.' ''

Section 285 of the Surrogate's Court Act governs the allowance of commissions to persons within the latter category. Under the provisions of that section an executor or administrator '' is allowed *commissions only on moneys received and paid out* '' (*Matter of Merritt, supra,* p. 77).

The inquiry then is whether the deposits in question were '' received '' and '' paid out '' by the committee within the contemplation of the statute. The committee urges in support of an affirmative finding upon that proposition that '' it is elementary law that title to a savings account, evidenced by a pass-book, can be transferred by delivery of the pass-book. But, since the committee of an incompetent does not take title to the incompetent's property, but possession and control, it necessarily follows that the acquisition of the pass-books representing such bank accounts of an incompetent transfers to it the possession and control of such accounts, during the period of the depositor's incompetency.''

Upon taking possession of the property of an incompetent person, the committee may, as a general rule, exercise dominion over .the property such as the incompetent might have done if sane.

Section 1377 of the Civil Practice Act provides: '' A committee of the property may maintain in his own name, adding his official title, any action or special proceeding which the person with respect to whom he is appointed might have maintained if the appointment had not been made.''

As pointed out in *Matter of Totten* (179 N. Y. 112, *supra*) upon the opening of an account in the form here under consideration, the depositor's right to such moneys was in no way abridged or dominion over the funds restricted, only in the case of death, and only then in the event that a balance remain did the account differ insofar as the depositor's rights of dominion and control over the same were concerned from an account opened in the name of the depositor.

However, it has long.been the policy of the courts to preserve such accounts intact during the incompetency of the depositor,

only permitting withdrawals when other assets have been exhausted and the moneys so deposited· are required for the support and maintenance of the incompetent, and then only upon application to the court for authority to so employ such moneys. (*Ganley* v. *Lincoln Savings Bank of Brooklyn*, 257 App. Div. 519; *Matter of McGovern*, N. Y. L. J., July 7, 1938, p. 55, col. 4, and cases there cited.)

To such extent the committee's possession and control over these Totten accounts was restricted during incompetency.

Assume the probable effect upon a claim for commissions where a similar account is opened and the depositor dies while incompetent. The account would then pass to the named beneficiary. (*Ganley* v. *Lincoln Savings Bank of Brooklyn*, *supra*). If such is the result commissions might be withheld, there being no payment out by the committee.

While these assumed facts are not before me, it would seem upon the facts here that restoration is to be made, except as to expenses incurred as though incompetency had not intervened, and it is my opinion that by restoring the passbooks to the now competent depositor it will constitute a payment out and entitle the petitioner to the commissions claimed.

Objections will be overruled, and the account judicially settled and passed as filed.