In the Matter of ANNA PALYO, an Incompetent Person.

Supreme Court, Special Term, Kings County, March 25, 1946.

*Edward D. Love* for John Palyo, petitioner.

*Max Schier,* special guardian for Anna Palyo, an incompetent person, and Anna Palyo and John Palyo, Jr., infants.

*Nathaniel L. Goldstein, Attorney-General (Louis E. Cooper* of counsel), for Department of Mental Hygiene, respondent.

UGHETTA, J. This proceeding, instituted by the committee, who is also the husband of the incompetent person, seeks the revocation of two so-called Totten trusts created by the incompetent prior to her adjudication for the benefit of the two minor children of the committee and herself.

It appears that on May 21, 1937, two accounts with the Dime Savings Bank of Brooklyn were opened in the name of the incompetent, one in trust for her son and the other in trust for her daughter. In each account a deposit of $1,103.97 was made and the balance in each as of January 1st of this year was $1,501.45. The donor was committed to Brooklyn State Hospital on August 20, 1938, and was adjudicated an incompetent person in October, 1938, and petitioner was appointed committee of her estate. These accounts constitute the sole assets of the estate. There is presently owing to the Department of Mental Hygiene the sum of $2,738 for the care and maintenance of the incompetent up to March 1, 1946, and these charges are accruing at the rate of $30 per month. It is sought, in this proceeding, to apply the funds in these bank accounts to the payment of this indebtedness and to the expenses of an administration of the estate. The special guardian appointed to protect the interests of the incompetent and the infants opposes the granting of this relief, and the Attorney-General, representing ·

the Department of Mental Hygiene, appears in support of the petition. The bank, although a party to the proceeding, does not appear or oppose the granting of the relief sought.

By a previous application made in 1939, petitioner took the position that the moneys in these accounts were in reality his property and sought a revocation of the trusts on that ground, which motion was denied without prejudice; by this application, however, he has now abandoned his claim and waived any rights he may have in his individual capacity to the funds in question.

The special guardian urges that the relief here sought may not be obtained in a proceeding of this character but that the committee must proceed by action. It is quite true that, the relation of a savings bank to its depositors being that of debtor and creditor, the court may not by summary order direct the bank to make payment thereof to any specified person, and if the bank shall refuse payment upon demand, the claimant would be relegated to an action, and that the committee has no greater rights than the creditor himself has. (*In re Robins*, 62 N. Y. S. 2d 392, and cases there cited.) On the other hand, the court, in the exercise of its jurisdiction over the estate of an incompetent, may in a proper case, when no adverse claim to the fund is made or disputed question of fact presented, determine by proceeding the rights of the parties before it; furthermore, it may, acting on behalf of its ward, revoke a trust of this character where the same has not become irrevocable by some unequivocal act or declaration of the donor such as delivery of the passbook or notice to the beneficiary. (*Matter of Hills*, 264 N. Y. 349, 353; *Ganley* v. *Lincoln Savings Bank of Brooklyn*, 257 App. Div. 509; *Brooklyn Trust Co.* v. *Smart*, 161 Misc. 857.) Such rights having been determined and the court, by order, having revoked such a trust and directed the committee to proceed accordingly, if the depository refuses to pay, the committee will, of course, like any other depositor, be required to proceed by action against the bank to enforce his rights; but where all rights have been clearly defined and the court has properly exercised an election on behalf of the incompetent, it is improbable that a bank would impose the burden of such litigation on itself and the incompetent's estate.

The court, in exercising its power so to elect, must proceed in accordance with what it finds would, in all probability, have been the choice of the incompetent were he of sound mind (*Matter of Hills, supra*) and, in this connection, it is appropriate to bear in mind that it is the duty of the court, out of the estate of the incompetent, to provide for his care and maintenance and

for the payment of his debts (Civ. Prac. Act, § 1357). If it be found that the trusts in the case at bar are tentative merely and did not for any reason become irrevocable prior to the adjudication of incompetency, they are of course subject to the payment of debts (*Beakes Dairy Co.* v. *Berns,* 128 App. Div. 137; *Matter of Reich,* 146 Misc. 616). Indeed, it has been said that in such case the right of election to revoke is not involved and that the court should, to the extent that the moneys on deposit are required to meet the just claims of creditors, authorize the committee to make the necessary withdrawals (*In re Wandle,* 62 N. Y. S. 2d 292); but this distinction would seem to be one rather of form than of substance, for any withdrawal from a tentative trust constitutes a revocation thereof to the extent of the withdrawal and the court, in authorizing a paying out for whatever purpose, is in fact effecting a revocation.

The special guardian raises the question as to the propriety of directing payment of the sums due from these accounts since the committee-husband is primarily liable for the support of his wife. The rights of the State, however, must also be considered; and if, as it is here alleged, the earnings and financial condition of the committee are insufficient to meet the charges, in view of his obligation to care for his children, the claim of the State hospital may properly be paid from the wife's estate (Mental Hygiene Law, § 24-a). There is no claim made here and nothing in the papers to indicate that this incompetent, by any word or act, ever did anything to change the nature of these deposits from the status which their form alone gives them—that of tentative revocable trusts. Nevertheless, and in order that the rights of the incompetent and infant beneficiaries may be fully protected, this matter will be referred to Honorable GEORGE E. BROWER, Official Referee, to take proof and report to this court together with his opinion thereon as to all matters embraced in this application, including whether or not these trusts are revocable or irrevocable, and the financial ability of petitioner to pay the charges of the department for the care and maintenance of the incompetent. Settle order on notice.