**Lawrence J. SIMMONS, Committee of Eula Ketner Hayes, Plaintiff,**

v.

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF WASHINGTON, Perpetual Building Association, of the District of Columbia, Susan Fitzhugh Ketner, infant, Mary Hillhouse Ketner, infant, Defendants.**

**Civ. A. No. 3523-54.**

United States District Court
District of Columbia.

June 24, 1955.

Thomas Barrett Scott, Washington, D. C., for plaintiff.

Milton I. Baldinger, Washington, D. C., for First Federal Savings and Loan Ass'n.

Samuel Scrivener, Jr., Washington, D. C., for Perpetual Building Ass'n.

James S. Brocard, Washington, D. C., Guardian ad Litem for Susan Fitzhugh Ketner, Mary Hillhouse Ketner.

MATTHEWS, District Judge.

This action has been instituted by the committee of Eula Ketner Hayes for construction of purported trusts created by her at times prior to May 4, 1954 when she was adjudicated of unsound mind. The matter now before the court is a motion by the plaintiff entitled "Motion for Declaratory Judgment" which will be treated herein as a motion for summary judgment. The motion was submitted on the pleadings, exhibits and papers herein but the court has noticed also the pleadings and exhibits In the matter of Eula Ketner Hayes, Mental Health No. 514–54 of this court.

Mrs. Eula Ketner Hayes, the incompetent, hereinafter referred to as Mrs. Hayes, is a widow 84 years of age. She is not expected to recover her sanity. Her nearest relative is her nephew, Richard D. Ketner, who resides in

Schenectady, New York.[1] The minor defendants are beneficiaries of the trusts. They are daughters of Richard D. Ketner and grandnieces of Mrs. Hayes. They reside with their father. The eldest is Mary Hillhouse Ketner, 19 years of age who was born May 11, 1936. The youngest is Susan Fitzhugh Ketner, 12 years of age, who was born September 13, 1942. Mrs. Hayes has annuity policies of insurance yielding about $1,600 yearly and her estate exclusive of the money in the trusts amounts to about $35,000.

On November 1, 1944 Mrs. Hayes executed at the First Federal Savings and Loan Association of Washington Account numbers I-908 and S-19954, each in the amount of $500, designating herself as trustee and naming, as beneficiary, her grandniece, Susan Fitzhugh Ketner, and Account numbers I-909 and S-19955, each in the amount of $500, designating herself as trustee and naming, as beneficiary, her grandniece, Mary Hillhouse Ketner. For accounts in the "I" (Investment) series, it is the practice to pay dividends, as accrued, directly to the trustee, while for "S" (Savings) accounts, dividends are added to the principal as they accrue. Hence, in each of the trust accounts numbered I-908 and I-909, the present principal is $500, while in each of the trust accounts numbered S-19954 and S-19955 the princi-

pal, as of June 30, 1954, amounted to $656.84. The cards provided by the Association and signed by the trustee, Mrs. Hayes, creating the said four trust accounts contain on the reverse side thereof a written agreement.[2]

On January 24, 1951 Mrs. Hayes executed at the Perpetual Building Association Account number 113-736, in the amount of $2,500, designating herself as trustee and naming as beneficiary her grandniece, Susan Fitzhugh Ketner, and Account number 113-735, in the amount of $2,500, designating herself as trustee and naming as beneficiary her grandniece, Mary Hillhouse Ketner. It is the practice, in accounts of this type, to add dividends as they accrue to the principal. Therefore, as of July 1, 1954, the principal in each of these trust accounts amounted to $2,774.55. The cards provided by the Perpetual Building Association and signed by Mrs. Hayes creating said trust accounts do not contain any written agreements, and the Constitution and By-Laws of the Association (to which said cards allude) do not spell out the terms and conditions of the trust accounts.

According to the report of the guardian ad litem, the minors are well acquainted with Mrs. Hayes and she created the trust accounts for the purpose of providing a college education for

---

1. He is the sole beneficiary in a purported will Mrs. Hayes made March 17, 1952.

2. The text of the trust agreement on the reverse side of each signatory card is as follows: "I (we), the undersigned Grantor do hereby give and grant the Savings (Investment) Share Account applied for on the reverse side hereof, together with all payments and dividends thereon, to the Trustee named on the reverse side hereof; to have and to hold the same in trust, for the beneficiary named on the reverse side hereof, for the following uses and purposes, to wit:

   To repurchase and transfer the same in whole or in part, and to exercise full control over the participation value thereof as though the account were held absolutely free and discharged of any trust, and without obligation on the part

of the Association to look to the application of the fund.

In the event of the death of the Trustee, the Association shall, if the beneficiary has attained the age of —— years, transfer or pay the repurchase value of the account to the beneficiary, free and discharged of any trust; and if at the death of the Trustee named the beneficiary has not attained such age, the Association is authorized to name and appoint a suitable person or persons as successor Trustees to hold the account until the beneficiary has attained such age, at which time such successor Trustees shall transfer and assign to the beneficiary the account, free and discharged of any trust. Such successor Trustees shall have the same powers and control over the account as the Trustee herein named."

them. In the petition of the committee in Mental Health No. 514–54 for authorization to institute this action to determine the validity of the trusts he sets forth the text of certain writings signed by Mrs. Hayes and found in the passbooks for accounts Nos. 113–735 and 113–736. These writings indicate the number of the individual account of Mrs. Hayes from which she withdrew the money deposited in trust accounts Nos. 113–735 and 113–736, and that the money so deposited was "deposited to credit of" the named grandniece "with Eula K. Hayes as trustee".

The passbooks of the trust accounts were retained by Mrs. Hayes, and are presently in the possession of her committee. Apart from the payment of certain accrued dividends directly to the trustee as explained previously herein, Mrs. Hayes since creating the trusts has neither increased nor decreased the funds in them. The record does not show that she ever manifested any intention to alter the status of the trust accounts.

The plaintiff committee contends that the trusts are incomplete and inadequate, violate the rule against perpetuities and constitute attempted testamentary dispositions. He seeks to have the trusts declared invalid and that the monies therein are part of the estate of his ward. If the trusts are upheld, however, the plaintiff prays for the appointment of a substitute trustee. The guardian ad litem maintains that the trusts should be sustained. The position of the defendant, First Federal Savings and Loan Association, is that the cards filled out by Mrs. Hayes when the trust accounts were opened there give an interest to each beneficiary *in praesenti*. The defendant, Perpetual Building Association, is of the view that the establishment of the accounts constituted no more than a revocable promise, that the plaintiff committee could revoke any promise implied in opening the accounts, merely by withdrawing from the accounts or closing them completely, and that alternatively, if he deemed it in the best interests of his ward he could use all or a part of the funds for the education of the infant defendants.

When a person makes a savings deposit in a bank in his own name as trustee for another person, his intention may be either (1) to create a revocable trust (2) to create an irrevocable trust (3) not to create a trust. Restatement of Trusts, Sec. 58, Comment (a); Scott on Trusts, Sec. 58; Bogart, Trusts and Trustees, Sec. 47. It is the opinion of the court that Mrs. Hayes made the deposits here involved with the intent of originating trusts, and that valid revocable trusts were in fact created. Each deposit created a tentative trust in favor of the named beneficiary revocable at will by the depositor. In re Totten, 179 N.Y. 112, 71 N.E. 748, 70 L.R.A. 711; Imperatrice v. Imperatrice, 298 N.Y. 549, 81 N.E.2d 95; In re Krewson's Estate, 154 Pa.Super. 509, 36 A.2d 250; Rickel v. Peck, 211 Minn. 576, 2 N.W. 2d 140, 138 A.L.R. 1375, annotation beginning at page 1383.

Being now incompetent, Mrs. Hayes is unable to exercise her right to revoke the trusts. In such a situation the committee of the incompetent may apply to the court for permission to revoke the trust and the court will grant such permission if, but only if and to the extent that, the use of the deposit is necessary for the welfare of the depositor. The court acts for the incompetent as it deems she would act if competent. Restatement of Trusts, Sec. 58, Comment (b) as amended 1948; Chase National Bank of City of New York v. Ginnel, Sup., 50 N.Y.S.2d 345, 347; Ganley v. Lincoln Savings Bank of Brooklyn, 257 App.Div. 509, 13 N.Y.S.2d 571.

No showing has been made in this case that the incompetent is in need of the funds in the trusts here involved. She is in St. Elizabeths Hospital at a cost of $5.24 per day. The yield from her annuity policies of insurance is almost enough to meet that expense. In addition her estate exclusive of the money in the trusts amounts to about $35,000. It does not appear that she has

any unpaid debts or expenses other than those incident to the administration of her estate and this litigation.

The court does not believe that Mrs. Hayes, if she were competent, would at this time revoke the trusts, or any of them having regard for her interest in her minor grandnieces, her advanced age and the adequacy of her estate to meet all her foreseeable needs.

Plaintiff's motion seeking to have the trust accounts transferred to him will be denied. Judgment will be entered herein declaring that the said trusts are valid revocable trusts, and a substitute trustee will be appointed. Such action will be without prejudice to the right of the committee, or of the beneficiaries, if circumstances warrant, to make application to the court for use of the trust funds.

Counsel will please submit a proposed judgment.