John J. Dillon, S.
The objection interposed by the special guardian raises a question as to whether the trust created under article ‘ ‘ third ’ ’ in favor of the surviving spouse must be reduced by an amount equal to the gifts made to her by the testator during his lifetime and included by the Federal authorities as part of the gross taxable estate.
Article “ third ” provides as follows: “If my wife, matilda rehm walsh, shall survive me, I give, devise and bequeath to my Trustees hereinafter named, an amount equal to the difference between (a) one-half of the value of my adjusted gross estate and (b) the value of all property passing to my said wife under any other paragraph or paragraphs of this my Will, or otherwise, and with respect to which a marital deduction is allowable to my estate under the provisions of the United States Internal Revenue Code ”.
The testator during his lifetime and on December 28,1951 and August 11, 1952 made two gifts to his wife, totaling $50,000.
Although it is well established that testamentary provisions in favor of a surviving spouse should be liberally construed (Moffett v. Elmendorf, 152 N. Y. 475) the court, nevertheless, has no power to rewrite a will or to construe a will in such a manner that the clearly expressed intention of the testator is violated. (Matter of Hills, 264 N. Y. 349; Matter of Tamargo, 220 N. Y. 225.) The testamentary language is clear and unequivocal and accordingly the court determines that all property passing to the wife, testamentary as well as nontestamentary, “with respect to which a marital deduction is allowable (including the gifts determined to have been made in contemplation" of death) must be deducted from the value of one half of, the adjusted gross'estate in computing the value of the trust.
The claim of the corporate fiduciary having been proven to the satisfaction of the court is allowed.
Settle decree.