Petek M. Daly, J.
This is a proceeding for the final accounting by the committee of an incompetent who has died.
Prior to being declared incompetent the decedent established several Totten Trusts for the benefit of certain beneficiaries residing in Poland. By orders dated July 16,1957 and March 5, 1959 respectively, this court authorized the committee to withdraw part of the principal from three of the foregoing accounts. This was done in order to pay for the care and maintenance of the incompetent, since the interest from such accounts and the income from certain real property was not sufficient. Notice of the application to the beneficiaries of the Totten Trusts was dispensed with.
The objectants are the beneficiaries of these Totten Trusts. They claim that, to the extent that money was withdrawn from the trust accounts, they were deprived of their interest therein without due process of law and that, in any event, the real property of the incompetent should have been sold before the Totten Trusts could be invaded.
In taking the foregoing position the objecting beneficiaries overlook the nature of a Totten Trust. Such a trust is “A deposit by one person of his own money, in his own name as trustee for another * * *. It is a tentative trust merely, revocable at will” (Matter of Totten, 179 N. Y. 112, 125-126). The gift “ is completed only at the instant of death. Up to that time the money is that of the depositor to draw out and do with it as he pleases.” (Beakes Dairy Co. v. Berns, 128 App. Div. 137, 138.) Thus, the beneficiary’s interest during the lifetime of the depositor is a mere expectancy and not a vested legal right. Accordingly the depositor could, without notice to the beneficiary, invade and even revoke the account. Since a court of competent jurisdiction could direct the committee to act on behalf of the incompetent in accordance with what the court finds would, in all probability, have been the choice of the incompetent, *267 were he of sound mind (Matter of Hills, 264 N. Y. 349, 353), and the incompetent could without notice invade and even revoke the account, this court could do likewise. (See Ganley v. Lincoln Sav. Bank of Brooklyn, 257 App. Div. 509 ; Brooklyn Trust Co. v. Smart, 161 Misc. 857.)
It is true that as a matter of policy courts preserve Totten Trusts “intact during the incompetency of the depositor” (Matter of Biskur, 184 Misc. 239, 240). That policy, however, must yield to overriding considerations as were indeed present in the case at bar when this court directed the partial invasion of three Totten Trust accounts to pay the expenses of the care and maintenance of the incompetent. The alternative suggested by the objectants would have meant the sale of income-producing real property, in part of which the incompetent had made his home. In the opinion of the court the incompetent would hardly have sold the real property had he been sane to make the choice. (Matter of Hills, supra, pp. 353-354.) The objections of the beneficiaries of such accounts are, therefore, without merit. The account is settled and allowed as filed.
The committee’s commissions are allowed as set forth in schedule Gr of his account, which includes full commissions on the Totten Trust bank accounts, and his attorney is allowed, for legal services rendered, an amount to be fixed in the order. He will submit upon the settlement of said order an affidavit describing the nature and extent of his services, a copy of which shall be served upon all attorneys who appeared in this matter. The Department of Mental Hygiene of the State of New York is allowed its hospital bill in full amounting to $933.33 and Desz Funeral Home is allowed the sum of $1,039.18 representing the expenses of the decedent’s funeral.
Inasmuch as the total allowances here made exceed the balance in the sum of $1,598.91 on deposit and it cannot be ascertained with certainty the amount of the fund, if any, that will be produced by the sale of the real property, the court will direct the committee to first pay the administration expenses consisting of the commissions and the attorney’s fees from the cash on deposit in the checking account and if the same is insufficient the deficit and the hospital and funeral bills will be paid from the fund realized upon the sale of the real property. If such fund is insufficient, then subject to the approval of the Surrogate the Totten Trust accounts will be invaded to the extent necessary to make payment in full. To effectuate that result the committee is directed to turn over the Totten Trust passbooks to the representative of the estate of the deceased incompetent when he has been appointed and qualified.