Louis G. Bruhn, J.
This is a motion by the Chemical Bank New York Trust Company and A. Donald MacKinnon, executors of the last will and testament of Jacqueline Julian Carson, deceased, for an order vacating and setting aside in full an order of this court dated August 4, 1962 with a cross motion by Benjamin R. Carson, the committee of the then incompetent, praying that the executors’ motion be denied and that his cross motion be granted amending such order nunc pro tunc.
Briefly the facts are these:
An ex parte application was presented to this court on behalf of the, committee requesting that, since the incompetent was then in extremis, this court give a direction to the committee authorizing a gift of a portion of the corpus of the incompetent’s estate to himself and his sister who constituted the next of kin, the only known relatives and the principal legatees under the incompetent’s last will and testament which will, incidentally is the will which has now been probated and constitutes the predicate of the movants ’ authority as executors.
Since both the committee and his sister joined in the application and since they were the principal beneficiaries under the will no notice was directed to be given to any other party.
No special guardian was appointed in view of the fact that in a proceeding of this character the court itself is called upon, in legal theory, to don the mental mantle of the incompetent and 11 direct the committee to act in behalf of the incompetent in accordance with what the court finds would, in all probability, have been the choice of the incompetent if [she] had been of sound mind ”. (Matter of Hills, 264 N. Y. 349, 353-354.)
A full disclosure was made to the court of the advantages to be realized by the estate in the form of savings both as to antici *546 pated taxes and administration expenses in the event that death ensued within a short time.
It was further demonstrated to the court that, on the basis of the past needs of the incompetent, the corpus remaining in her estate would be more than ample to provide therefor, if perchance her death did not follow as quickly as medical opinion had predicted.
The need for a fast determination was amply demonstrated by the unfortunate death of the incompetent on August 10, 1962 less than a week after this court’s order was granted.
The wisdom of the direction given is equally well demonstrated by the savings to be effected by this court’s action.
Unfortunately, for the full realization of the savings projected, it now develops it cannot be attained in its entirety because the will in question postpones the payment of the principal of the daughter’s share until she attains the age 40.
However, the same is not true of the son, the committee, since he has attained an age permitting the immediate enjoyment of the will provisions for him.
It might well now be said in retrospect that greater care should have been exercised to determine the true status of the daughter and discover the limitation imposed because of her age but the necessity for quick action might well excuse any erroneous direction given in her case.
Conccdedly, as to the direction in the order for the daughter there exists error which must be corrected and already, it appears, the daughter has made a redelivery to the estate of all assets remaining in her hands as a result of the order in question.
However, it certainly would violate logic to now say that because an erroneous direction was given with regard to the gift to the daughter that the direction given with regard to the son is equally tainted and should be vacated on that basis.
Except for the limitation contained in the will this court Avould feel constrained to have the order, in its entirety, remain inviolate.
Such conclusion is fortified not alone by the savings which can be effected but by the further consideration that to do otherwise would result in a loss to the íavo principal objects of the decedent’s bounty and a gain only to the executors in the form of increased commissions and the respective Federal and State Governments in the form of increased taxes.
To say that this incompetent, if sane, Avould not have given the same direction this court gave would completely overlook the underlying motive for the very instrument Avhich gaA^e life to these executors.
*547 To do otherwise would lead to a result increasing estate costs to a point hardly consistent with our modern concept of estate planning for tax and other legitimate estate benefits.
To argue that the executors’ motion should be granted because the cases submitted by the committee involved “ gifts ” made ‘ ‘ to persons in need and to whom the incompetent, if competent, would have felt a moral or legal obligation to assist in their time of need ” overlooks the important fact that even in those cases the court’s authority to make the directions given is derived from the general equitable power of this court and its function of guardianship of incompetents.
It seems irreconcilable that a principle which can sustain a u gift ” to persons to whom the incompetent had only a moral obligation lacks the vitality necessary to sustain the direction given for the benefit of children of the incompetent and the incompetent’s estate.
To confine the power within the narrow limits suggested would establish a frontier of legal thinking which would stifle and restrict the ingenuity of the Bar to expand to new frontiers within the purview of the broad equitable principles involved.
The fact that the principle is invoked in this and other areas as suggested in the memorandum of law submitted with the original application defeats the argument for its limited application.
Counsel for the committee, it seems, should be complimented for his ingenuity in utilizing the broad equity powers of this court to blend with current and new situations created by our ever-increasing tax structure to the further benefit of the incompetent’s estate.
Therefore, for the reasons stated the motion is denied and the cross motion is granted, without costs.