Joseph M. Conroy, J.
The committee of an incompetent moves for permission to file objections to the account of the executor of the last will and testament of the incompetent’s mother and for leave to obtain a construction of her will in respect to the validity of certain provisions for charitable bequests which, in his opinion, contravene the provisions of section 17 of the Decedent Estate Law. Said section provides ■that not more than half of an estate may be bequeathed to charity where the decedent is survived by a child or certain other close relatives.
The incompetent’s mother died on July 11,1956, leaving a last will and testament which was duly admitted to probate by the Surrogate’s Court of Kings County on December 21, 1956.
By the terms of her will the decedent bequeathed one half of her residuary estate to eight charitable organizations in equal *313 shares. The other half of her estate she bequeathed to a trustee in trust for the incompetent herein with directions to the trustee to pay the income to the Central I slip State Hospital for his care and maintenance and, in its discretion, to invade the principal to the extent of $150 per year. Upon the death of her son the trust was to terminate and the corpus thereof was to be paid to the State of New York in payment of past care and attention.
In the event that decedent’s son was adjudged to be competent the trust was to terminate and the corpus thereof was to be paid to her son.
It is the duty of the committee to protect the rights and conserve the property of the incompetent. To this end he is authorized by statute to maintain any action or special proceeding which the incompetent might have maintained if he were competent. (Civ. Prac. Act, § 1377.) Ordinarily, the committee does not require leave of the court to sue. “ The committee need not secure permission before instituting an action or proceeding on behalf of the incompetent.” (20 Carmody-Wait, New York Practice, p. 223.)
There are some exceptions to this rule (p. 255). Where the incompetent has a personal privilege to elect between alternative and inconsistent rights, the privilege does not pass to his committee, but must be exercised by the Supreme Court in accordance with what the court finds would probably be the choice of the incompetent if he were of sound mind. (Matter of Hills, 264 N. Y. 349, 353-354.)
The right to contest the validity of a bequest to charity on the ground that it violates section 17 of the Decedent Estate Law, however, involves no election unless the testator has conditioned a bequest on the legatee’s waiver of the right to contest the validity of the charitable bequests. (Matter of Hills, supra, p. 355.) In such case there. must be an election between the acceptance of the conditional testamentary provision and the assertion of invalidity in the will. Such election must be made by the Supreme Court.
In the instant case the legacy to the incompetent was not conditioned upon his waiver of the right to contest the validity of the charitable bequests. Hence no election was required and the committee has the right, in his discretion, to file objections if he deem it wise to do so. If this court were required to advise the committee, it would recommend that he file objections in order to preserve his ward’s rights.
The arguments advanced by the Attorney-General on behalf of the People of the State of New York go to the merits of the *314 validity of the charitable bequests and should be addressed to the Surrogate’s Court if the committee files objections.
The application is denied solely on the ground that the committee already has the power herein sought.