■ In the Matter of the Estate of ABRAHAM KRUGER, Deceased. DOROTHY PARISH et al., Respondents; MESIVTHA TIFERETH JERUSALEM et al., Appellants. — In a proceeding instituted by the testator's two daughters, to construe his will and to determine the validity of certain charitable bequests made in paragraph " Third" thereof, three legatees, charitable and religious institutions, appeal from an order of the Surrogate's Court, Richmond County, entered May 21, 1964, which decreed that " any excess of gifts to the named charitable and religious organizations designated in [said last will and testament] which exceed one-half of the gross estate (less debts) will pass to the petitioners herein [the two daughters of the decedent] as intestate property under Section 17 of the Decedent Estate Law." Order affirmed, with costs to all parties filing briefs, payable out of the estate. We are of the opinion that a person for whose benefit section 17 of the Decedent Estate Law was intended may waive his rights under the statute (*Matter of Hills,* 264 N. Y. 349; *Amherst Col.* v. *Ritch,* 151 N. Y. 282; *Matter of Stilson,* 85 App. Div. 132). Nevertheless, we find that the alleged failure of the petitioners to perform their filial duties toward their father, the testator, does not constitute an act of waiver or serve to establish any legal basis therefor (cf. *S. & E. Motor Hire Corp.* v. *New York Ind. Co.,* 255 N. Y. 69; *Matter of Mosley,* 138 Misc. 847; Decedent Estate Law, § 87). We further conclude that there is no merit to appellants' contention that the statute (Decedent Estate Law, § 17) is unconstitutional (cf. *Taylor* v. *Payne,* 154 Fla. 359). The right and the power to dispose of property by will have always been considered to be within legislative control and to be subject to limitation by statute (*United States* v. *Perkins,* 163 U. S. 625; *Matter of Hills,* 264 N. Y. 349, *supra*). It has long

been recognized that at the approach of death, a testator may be influenced by hopes or fears for his condition in the future world and may devise or bequeath the whole or principal part of his estate to benevolent, charitable or religious institutions, to the exclusion of his family and close relatives. For this reason it has been considered the dictate of sound public policy to restrict testamentary dispositions to such institutions (*Fairchild* v. *Edson,* 154 N. Y. 199). Accordingly, a limitation of the power of disposition has been placed upon every person who is survived by a husband, wife, child, descendant or parent (Decedent Estate Law, § 17). Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.