Samuel M. Gold, J.
Motion by plaintiff and cross motion by defendant for summary judgment. In the instant action plaintiff seeks to recover the sum of $18,094.36, with interest, from the defendant, as executrix of the estate of Irving Klaw. The aforesaid sum represents the amount withdrawn by the First National City Bank from a savings account established by the decedent Irving Klaw in the name of “ Irving Klaw in trust for Jeffrey Klaw ” in payment of a passbook assignment promissory note executed by the decedent on August 23, 1966. Prior to the due date, Irving Klaw died, leaving a will appointing defendant herein as executrix and contained the following clause: ‘ ‘ second : I direct that my just debts and funeral expenses be paid as soon after my death as may be practicable.” Defendant executrix failed to pay the debt of decedent to the First National City Bank and, as a result, the bank looked to the collateral security for the loan and withdrew $18,094.36 from the savings account in payment of decedent’s note, with interest.
The sole question before this court is whether, upon the facts and circumstances, there was a partial revocation of the Totten Trust. In Matter of Totten (179 N. Y. 112) the court established the law relating to Totten Trusts, stating, ‘ ‘ In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor ” (p. 126). The court further stated that this Totten Trust is ‘ ‘ revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary.” Therefore, the plaintiff beneficiary’s interest during the lifetime of the depositor is a mere expectancy and not a vested legal right (see Matter of Sabot, 28 Misc 2d *174 265). Moreover, a tentative trust may be revoked by a transfer of the form of the deposit; by the terms of a will of a depositor; or by the depositor’s unequivocal act or declaration of disaffirmance (see Matter of Koster, 119 N. Y. S. 2d 2).
The execution of the passbook assignment and the promissory note by the decedent constituted the decisive act or declaration by which the decedent effected a partial revocation of the funds on deposit in the tentative trust account to the extent necessary to pay the note. ‘ ‘ A tentative trust in a bank deposit is revoked where the depositor withdraws the money or deposits it in another account, or notifies the depository, or where he pledges the passbook to a third person from whom he borrows money ”. (89 C. J. S., Trusts, p. 910, § 88, subd. h, par. [1].) (See Evinger v. MacDougall, 28 Cal. App. 2d 175.)
Accordingly, since the decedent here pledged and assigned the passbook to the First National Bank and further gave the bank the option to apply the funds on deposit in said account in payment of the note, without notice, plaintiff beneficiary on the date of decedent’s death, became entitled to the balance on deposit on that date in the said account, subject to the encumbrance placed thereon by decedent during his lifetime. Therefore, the decedent’s estate had no obligation to pay any part of the said note in view of the partial revocation of the tentative trust account by decedent.
Accordingly, defendant’s cross motion for summary judgment is granted and plaintiff’s main motion for summary judgment is denied.