**ENTERPRISE FEDERAL SAVINGS AND LOAN ASSOCIATION, a Corporation, Plaintiff,**

v.

**Alvin Q. EHRLICH et al., Defendants.**

**Civ. A. No. 1336–71.**

United States District Court, District of Columbia, Civil Division.

Jan. 27, 1972.

Thomas F. Burke, Washington, D. C., for plaintiff.

Joseph Sitnick, Bernstein, Alper, Schoene & Friedman, Washington, D. C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN H. PRATT, District Judge.

The plaintiff in this action has interpleaded the amounts represented by three of its accounts. The Court has previously entered partial summary judgment with respect to two of these accounts and the sums represented thereby have been disbursed. There are now pending in this cause cross-motions for summary judgment with respect to the sum represented by the third account. The defendant, Doris Ann Ehrlich Marshall, claims that this third deposit constitutes a "totten" trust of which she is the beneficiary and that, with the death of the depositor, she is now entitled to the balance of the account. Another defendant, Alvin Q. Ehrlich, executor of the Estate of Myron G. Ehrlich, asserts as the basis for his motion for summary judgment that the sum represented by the account is not the subject of any legally constituted trust and, alternatively, that the agreement stated on the plaintiff's account card is an attempted testamentary disposition. The Court having considered the cross-motions of the defendants to this action for summary judgment, and all memoranda submitted with respect thereto, the Court does this 27th day of January, 1972, make the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. That early in the year 1969 Myron G. Ehrlich opened account number S32–352 with the plaintiff Enterprise Federal Savings and Loan Association ("the Association"). The front of the account card bears the title "Individual Trust Account" and shows the signature of Myron G. Ehrlich as trustee for Doris Ann Ehrlich.

2. The back of the account card contains over the signature of Myron G. Ehrlich what purports to be a trust agreement providing in relevant part that Myron G. Ehrlich is the grantor, to himself as trustee, of the funds represented by the account and that he may withdraw and transfer such funds in

whole or in part, thus removing them from the trust; and, in the event of his death, the funds represented by the account shall be transfered or paid to the account of the beneficiary.

3. The person denoted on the aforesaid account card as Doris Ann Ehrlich is Doris Ann Ehrlich Marshall, the daughter of Myron G. Ehrlich, and a defendant in this action.

4. Myron G. Ehrlich died on December 22, 1970, and letters testamentary for his estate have been issued to Alvin Q. Ehrlich in Administration No. 381–71 in this Court. Alvin Q. Ehrlich is, therefore, a party to this action as the executor of the Estate of Myron G. Ehrlich.

5. At the time of the death of Myron G. Ehrlich, the amount on deposit in the Association's account number S32–352 was $10,749.22. The Association has paid this sum into the registry of this Court and has been discharged, all by order previously filed herein October 6, 1971.

## CONCLUSIONS OF LAW

The bank account which is the subject of the cross-motions for summary judgment constitutes the corpus of a revocable inter vivos trust created by Myron G. Ehrlich during his lifetime for the benefit of his daughter as cestui que trust, with himself as trustee. Upon his death the trust terminated and its corpus, represented by the account, was payable to Mrs. Marshall as the beneficiary.

Such revocable trusts in the form of bank deposits are in common use throughout the United States and are often termed totten trusts after the celebrated case of In re Totten, 179 N.Y. 112, 71 N.E. 748 (1908), which is the case most often cited to establish the validity of the relationship. The majority of states have recognized that totten trusts may be established by savings and loan accounts and this is the preferred position of the commentators. 1 G. Bogert, Trusts and Trustees, § 47 (2d ed. 1960); 1 Scott, Law of Trusts, § 58 (3d ed. 1967); Restatement 2d, Trusts, § 58.

This Court has previously recognized the validity of totten trusts. Simmons v. First Federal Savings and Loan Ass'n, 132 F.Supp. 370 (D.D.C.1955); In Re Scott's Estate, 96 F.Supp. 290 (D.D.C.1951). In the *Simmons* case the committee of an elderly incompetent, not expected to regain her sanity, sought to gain control of several totten trusts created by her ward in favor of her grandnieces prior to the time she became incompetent. Two of the trusts were created on cards containing terms virtually identical to those in the case at bar, the others were less formal. The court held that all the accounts created valid trusts revocable at will by the depositor. *Simmons, supra,* 132 F.Supp. at 372.

The case of Betker v. Nalley, 78 U.S. App.D.C. 312, 140 F.2d 171 (1944) relied upon by the executor is inapposite in that it deals solely with real property.

The Court therefore concludes that the Association's account number S32–352 constituted a valid revocable inter vivos trust of which the defendant, Doris Ann Ehrlich Marshall, was the sole beneficiary, and that the trust was terminated upon the death of the grantor, thus entitling Doris Ann Ehrlich Marshall, as sole beneficiary, to receive the corpus.

An appropriate order will be entered.