OPINION OF THE COURT
Jack Turret, J.
The issues before this court arose originally in a proceeding pursuant to section 1012 of the Family Court Act, on the ground that the child is neglected because of the mother’s mental retardation and emotional disturbance, that prevent *130 her from providing proper and adequate care of her child. The mother was adjudicated incompetent by Supreme Court, Queens County and her committee has appeared in this proceeding. In the course of the litigation, the mother retained counsel of her own choosing and under oath testified that she was desirous of executing a voluntary surrender of her child.
The court conducted an inquiry to determine whether or not the mother had the lucidity to know the nature and consequences of her act. The court is satisfied that she understands the purport of the instrument of surrender. The hearing took place at 3:30 p.m. on March 30, 1979. The committee did not appear at the inquiry because of another engagement. A transcript was made of the proceedings wherein the instrument of surrender was executed before this court. The committee has been afforded an opportunity to read that transcript. The committee takes no position in respect of the surrender of the child. The court informed all parties that any approval by the court of the instrument would be subject to and conditioned upon the consent of the committee. The committee has appeared before the court today.
This court is convinced that the mother, having been adjudicated an incompetent, cannot execute a binding surrender in her own behalf despite the fact that she is represented by counsel of her own choosing. CPLR 321 (subd [a]) provides that a party other than one specified in CPLR 1201 may prosecute or defend a civil action in person or by attorney. CPLR 1201 expressly specifies that "a person judicially declared to be incompetent shall appear by the committee of his *131 without prior authorization of the Supreme Court which appointed him, any civil proceedings which the incompetent might have maintained were she competent. This statute only applies with respect to actions to protect the property of the incompetent. Where, as in this case, it is sought by the incompetent to exercise some personal privilege to elect between alternative rights, the privilege does not pass to the committee. The election may only be exercised by the committee after the Supreme Court which has jurisdiction over the affairs of the incompetent has made a determination that this would be the incompetent’s choice were she of sound mind. (Matter of Foley, 39 Misc 2d 312; see, also, Matter of McGuinnes, 290 NY 117; Matter of Webber, 187 Misc 674; Matter of Muck, 125 NYS2d 415.) The court accordingly directs the committee to proceed in Supreme Court, Queens County for instructions and authorization with respect to these proceedings.
The Family Court is a court of limited jurisdiction. It has no power to approve the consent of an ajudicated incompetent in this instance. As this court stated at the outset, the testimony taken with respect to the instrument of surrender was conditioned upon the consent of the committee. This proceeding will be held in abeyance to await the decision of the Supreme Court.