**Powell Estate**

*Thomas A. Young*, for executor.

*Raymond Zadzilko*, for respondent Scott Powell.

*Earl R. Glock*, for respondent Edith Powell.

OPINION BY O'KICKI, J., AUGUST 3, 1981:

The above-captioned matter is before us on exceptions taken by Edith Powell, surviving widow, to an Order entered by this court on August 13, 1980. In that Order, it was directed that the Johnstown Bank & Trust Company and Cambria Savings & Loan Association pay to the guardian of Scott B. Powell, a minor and a son of the deceased, all time deposits held in the name of Alan C. Powell for Scott B. Powell after first deducting any principal or interest due and owing pursuant to loans pledged against these time deposits by the decedent during his lifetime.

The sole question we need address is that of the sufficiency of law and evidence to support the trial court's order.

Alan C. Powell, a resident of Cambria County, died February 3, 1980. A will which had been executed before his marriage on May 11, 1963, to Edith Ellis Powell, left all his worldly assets to his mother, Helen B. Powell. That will was dated November 24, 1961, and Helen Powell was named as executrix. Scott B. Powell, a son, was born to the marriage on November 25, 1968. The executrix, pursuant to the Wills Act, has treated the will as being partially revoked as to the wife because of the marriage and completely revoked at the time of the birth of Scott (who, along with the surviving widow, is one of the two heirs). The executrix believes that distribution of the decedent's assets should be made in accordance with the Intestate Act of Pennsylvania, which would give the surviving widow $20,000 and one-half the residue and give the surviving child one-half the residue. These facts and legal conclusions are not contested by the parties.

The present controversy involves deciding what assets of the decedent are to be included in his estate, i.e. can certain certificates of deposits, which are established in the name of Alan B. Powell in trust for Scott B. Powell, and which are partially encumbered by being pledged for loans made by the decedent in his lifetime, be included in the estate so that they

pass under the intestate law to both surviving widow and surviving son? Alternately stated, are these certificates of deposit actually Totten trusts as to the amounts not pledged for loans and thus automatically vested in the surviving son?

The rule of Totten trusts has been upheld repeatedly since its initial conception in the case of *In re Totten*, 179 N.Y. 112, 71 N.E. 748. It has become an integrated part of our system of jurisprudence, restated in the *Restatement of Trusts*, Section 58, as follows:

> "If a person makes a deposit in a savings bank in his own name as trustee for another person, intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is not a testamentary trust and is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if the depositor has not revoked the trust. *Scanlon's Estate*, 313 Pa. 424, 428, 169 A. 106 (1933)."

Alan C. Powell, by pledging some of the Totten trusts during his lifetime on loans did, in fact, work a revocation of these trusts. We find, however, that such revocation goes only to the pro tanto amount pledged and not to the entire trust.

Although there are no cases directly on point (that is, in reference to *savings certificates* and partial revocation), Pennsylvania has explicitly adopted the doctrine of partial revocation in such cases as *Vierling v. Ellwood City Federal Savings and Loan Association*, 356 Pa. 350, 356. In that case, the court again cites the *Restatement of Trusts* as authority for its position by providing that the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on his death if he has not revoked the trust: *Vierling*, id. at pp. 502-03. This ruling applies to savings accounts and savings banks and in these modern times, money market certificates or certificates of deposit.

The exceptant cites the case of *Rodger's Est.*, 374 Pa. 246 as substantiating her position. Although that case does deal with revocation of Totten trusts, it "clearly implies that revocation may be accomplished by some decisive act or declaration of disaffirmance:" *Rodger's* at p. 251. Going further, it also implies that this decisive act or declaration must be of sufficient evidentiary weight so as to satisfy the hearing court.

In the case at bar, this satisfaction is significantly influenced by the sequence of facts wherein the will was executed prior to the decedent's marriage, and that subsequent to the marriage and Scott's birth no new will was executed, nor was the former will revoked or destroyed, but, the tentative trusts were created in favor of Scott. Considering that a valid will can revoke all former wills and testamentary writings as well as providing for a general residuary bequest, but *will not* revoke a tentative trust (*Nace v. Fulton County National Bank,* 79 D.&C. 325; *Pozzuto's Est.,* 124 Pa. Super. 93) (emphasis ours), then the general provisions of the Wills Act, or the Intestate Act, most certainly cannot do what a valid will cannot. That is, the Totten trusts cannot fall by intestacy if not revoked by the decedent's acts.

While reading the authority as to this proposition, it was noted throughout that New York has set the tempo in this area of law and Pennsylvania has followed. We thus agree with individually appointed counsel for Scott Powell that the case of *Klaw v. Kramer,* 56 Misc. 2d 173, 288 N.Y.S. 2d 322 (1968) resolves the issues raised in this case. In *Klaw,* the court held that there is a *partial* revocation of a trust savings account established in the decedent's name in trust for another when such account was pledged for payment of a certain note, without notice, upon decedent's death. That New York court held, in addition, that the beneficiary was entitled to the account proceeds subject to the encumbrance placed thereon by the pledgor during his lifetime.

Scott B. Powell is entitled to the full amounts of those tentative trusts unpledged for loans and the unpledged balance of those tentative trusts pledged for loans of record.

Therefore, we affirm the trial court's Order of August 13, 1980, and dismiss the exceptions of Edith Powell.